**FIRST BAPTIST CHURCH (COLORED) et al. v. HALL et al.**

Court of Appeals of Kentucky.

Feb. 15, 1952.

E. G. Davis, Jr., Smith, Reed & Leary, Frankfort, George R. Pope, J. K. Beasley, Harlan, for appellants.

Daniel Boone Smith, Ray O. Shehan, Harlan, for appellees.

CLAY, Commissioner.

This suit involves a dispute over the discharge of the pastor of the First Baptist Church (Colored) of Harlan. The action was brought by appellants to enjoin appellee Hall from acting as pastor. Subsequently upon their motion, the matter was submitted to arbitration. The arbitrators decided the attempted discharge was illegal and void, and thereupon the court, adopting their report, dismissed appellants' petition. The issue on this appeal is whether or not the arbitration proceedings were valid.

At a regular mid-week prayer service on November 22, 1950, a business session was called and a majority of those present (Hall's supporters having withdrawn) voted to discharge him. Upon his failure to recognize this action, the injunction suit was brought. After numerous pleadings had been filed, appellants moved the court to appoint twelve members of a Baptist Council "for the purpose of trying out and determining whether or not the defendant, S. L. Hall, was properly discharged from his pastorate and to hear, determine and recommend to the Court whether or not he should continue as pastor and to conduct said hearing upon the basis of the charges preferred against the pastor under the rules and regulations of Hiscox Rule Book; * * *."

On December 7, 1950 appellants further moved the court to appoint two pastors recommended by them who were in turn to select two laymen each to sit on the Council. In conformity with this motion, the court designated twelve members of the Council (six being selected by the other side) and provided: "The twelve persons so designated shall constitute the Baptist Council for purpose of trying out and determining whether or not the defendant, S. L. Hall, was properly discharged from his pastorate, and to hear and determine and recommend to the Court whether or not he should continue as pastor of plaintiff church."

On December 28, this body filed its report with the court, which recited: "After a lengthy discussion the committee agreed that the action taken by the grievance group at the school and at the church on November 22nd was illegal, and that the transactions at the said meetings should be void."

A judgment conforming to this finding was entered.

Appellants' principal contention is that since this was an arbitration by order of court, it was necessary that all of the provisions of Civil Code of Practice, Section 451 be complied with; and since this was not done, the finding of the Council was invalid. Section 451 provides, among other things, that the arbitrators shall be sworn, and that notice of meetings and an opportunity to present evidence shall be given. We will assume that this method of procedure was not followed. Appellees contend that the common law right of arbitration still exists in this state regardless of the provisions of the Civil Code, and that appellants cannot contest the report of the arbitrators on some procedural ground when the action taken was upon their own motion. It is to be noted that the motion did not refer to Section 451 of the Civil Code of Practice, but instead referred to the rules and regulations of Hiscox's Rule Book. This set of rules has not been made a part of the record, and we do not know what it provides.

Appellants state in their brief that a council acting properly under those rules should elect its own moderator, and insist it was a violation of this procedure when the court itself appointed the chairman. As noted, we have nothing but counsel's statement regarding this phase of the procedure, but in any event such technical objection certainly should not invalidate the Council's action.

The common law right of arbitration may still be resorted to. In substance it is contractual in character, and it is not necessary that the procedure conform with Civil Code of Practice Section 451. Miller v. Plumbers Supply Co., 275 Ky. 647, 122 S.W.2d 477. We think appellants' motion called for a common law arbitration. It is not shown the appointed Council made its finding in an improper manner. Appellants were given the opportunity to attack the report for fraud, mistake, or other

misconduct on the part of the Council, but they declined to file any such pleading after the report was received.

 The fact that the controversy is in court does not limit the right of the parties to agree upon the kind of arbitration they desire. It is the same as any other agreed order which, unless it interferes with the jurisdiction of the court or is contrary to some public policy, will be enforced. Appellants agreed that a Council of twelve persons, including six members they had a right to select, should decide the issue. This Council performed its function in substantial compliance with appellants' motion and agreement, and they therefore are not entitled to have the matter reheard by either the court or another board of arbitrators.

The judgment is affirmed.