In the Matter of the Arbitration between RITA TORANO, Respondent, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.

First Department, October 17, 1963.

*James M. FitzSimons* of counsel (*Watters & Donovan*, attorneys), for appellant.

*William Palitz* of counsel (*Joshua J. Nasaw*, attorney), for respondent.

*Per Curiam.* The question is whether an arbitration award on a death claim resulting from automobile collision may be vacated on the ground of partiality of the arbitrator because the amount awarded is only $500, about one sixth of decedent's funeral expenses.

The arbitration was held pursuant to a Motor Vehicle Accident Indemnification Corporation endorsement attached to a policy of automobile liability insurance. That endorsement, approved by the Superintendent of Insurance, provides for payments to those covered who are damaged by collision with uninsured and hit-and-run automobiles (see Insurance Law, § 167, subd. 2-a). The payments are to recompense for all sums which the covered person " shall be legally entitled to recover as damages " from the uninsured or absent motorist. If the claimant and insurance company fail to agree on an appropriate amount, the endorsement requires that the matter be resolved by arbitration. The arbitration clause concludes that the covered person and insurance company, " each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this endorsement." In this case, the arbitrator evidently decided that the claimant widow of decedent was " legally entitled " to recover $500.

On motion of claimant, Special Term set aside the award solely because it thought " The inadequacy of the award is much more shocking than in the cited cases. It is impossible to attribute the size of the award to anything but the arbitrator's partiality." Since the adequacy of an arbitrator's award may not be reviewed and the record does not establish partiality of the arbitrator, the order must be reversed and the award reinstated.

It seems undisputed, from the affidavits, that on April 29, 1961 decedent was operating an automobile covered by an automobile liability insurance policy to which was attached the standard endorsement of appellant. It is averred by appellant that the evidence introduced in the arbitration disclosed that the automobile driven by decedent violently struck an abutment on the Manhattan Bridge before it was again struck from behind by a hit-and-run car. The 23-year-old decedent was survived by the claimant widow and two children, 2 and 3 years of age. He apparently contributed $90 per week for the support of the household, and a funeral bill in the amount of $2,891.29 was paid.

It was not shown who paid the funeral bill. The arbitrator awarded claimant $500 and the American Arbitration Association administration fee of $50 (previously advanced by her) in full settlement of all claims submitted to arbitration.

By the very nature of arbitration proceedings, arbitrators are meant to exercise a broad discretion largely free of substantive and procedural limitations. The several grounds established for vacating their awards are now set forth in section 7511 of the Civil Practice Law and Rules (formerly Civ. Prac. Act, § 1462). Those grounds are exclusive and the courts exercise no general power to grant equitable relief from arbitration awards because of errors of fact or law (e.g., *Matter of S & W Fine Foods* [*Office Employees Int. Union*], 8 A D 2d 130, affd. 7 N Y 2d 1018; *Fudickar* v. *Guardian Mut. Life Ins. Co.*, 62 N. Y. 392, 399–400; *Matter of Mole* [*Queen Ins. Co.*], 14 A D 2d 1, 2). The specified grounds do not include inadequacy of the award. Indeed, the only ground asserted here is partiality of the arbitrator (see CPLR, § 7511, subd. [b], par. 1, cl. [ii]; Civ. Prac. Act, § 1462, subd. 2).

This court considered a similar problem in *Matter of Phillips* (*American Cas. Co.*) (10 A D 2d 689, affd. 9 N Y 2d 873). It was held that partiality of the arbitrator was not indicated by an award of $3,000 where the 42-year-old decedent contributed $2,000 per year to his claimant sister and her invalid mother and where the funeral expenses amounted to $957. That decision was followed by the Appellate Division, Third Department, in *Matter of Wainwright* (*Globe Ind. Co.*) (14 A D 2d 971) where $1,145, the exact amount of the funeral expenses, was awarded for the death of claimant's 17-year-old daughter.

Here there are, as appellant insurance company argues, possible explanations for the size of the award. If the automobile driven by decedent struck the Manhattan Bridge abutment before being struck by the hit-and-run vehicle, it is possible that the arbitrator apportioned the damages between the first and second collisions, attributing most of them to the first. There is also the possibility that the arbitrator refused to compensate for the rather large funeral expense. But in this type of case it is unwise to venture into the area of conjecture, since there are indeterminate possibilities. The award here need not be justified. It may not be indirectly attacked for inadequacy by gross inference of partiality by the arbitrator. This is not to say that there can never be situations in which the very obvious nature of the case and the award compel, as a logical necessity, a conclusion of partiality or equivalent misconduct by the arbitrator. It suffices that this is not such a case.

Claimant has failed to prove partiality of the arbitrator. Adequacy of the award is not reviewable.

Accordingly, the order should be reversed on the law and the facts, without costs, and the motion to vacate the award of the arbitrator should be denied, without costs.

BREITEL, J. P., McNALLY, STEVENS, EAGER and STEUER, JJ., concur.

Order, entered on January 17, 1963, unanimously reversed, on the law and on the facts, without costs, and the motion to vacate the award of the arbitrator denied.