Rodney E. TAYLOR, Movant,

v.

FITZ COAL COMPANY, INC., et
al., Respondents.

Supreme Court of Kentucky.

April 14, 1981.

John R. Triplett, McCoy, Marcum & Triplett, Inez, for movant.

Paul P. Burchett, Prestonsburg, Phillip O. North, Charleston, James D. McQueen, Jr., Huntington, for respondents.

LUKOWSKY, Justice.

The parties had a dispute over the amount of money due as "minimum royalties" under a mineral lease. They submitted the dispute to arbitration pursuant to the provisions of the lease.* The arbitrators awarded the lessor $37,214.67. The Floyd Circuit Court enforced the award. The Court of Appeals held that there was no substantial evidence in the record to support an award of less than $75,000.00 and directed entry of a judgment for that amount. We reverse the Court of Appeals and affirm the circuit court.

■ Generally, an arbitrator's award is not reviewable by a court. See M. Domke, The Law and Practice of Commercial Arbitration Secs. 33.01–34.02 (1968 & Cum.Supp. 1979); 5 Am.Jur.2d, Arbitration and Award Sec. 145 (1962 & Cum.Supp.1980); G. Friedman, Correcting Arbitrator Error: The Limited Scope of Judicial Review, 33 Arb. J. 9 (No. 4 1978); J. Yarowsky, Judicial Deference to Arbitral Determinations: Continuing Problems of Power and Finality, 23 U.C.L.A. L. Rev. 936 (1976). The rationale for this principle is inherent in the concept of arbitration. "The decision by the arbitrator is considered an extension of the parties' voluntary agreement to arbitrate, and is final and binding." M. Domke, supra at 304. In fact, the finality of decision has long been recognized as one of the objects of arbitration. *Park Const. Co. v. Independent School Dist. No. 32, Carver County,* 216 Minn. 27, 11 N.W.2d 649 (1943).

Logically included in this limitation on a court's scope of review is the nonreviewability of the sufficiency of the evidence supporting the award. *Torano v. Motor Vehicle Accident Indemnification Corp.,* 19 App. Div.2d 356, 243 N.Y.S.2d 434, aff'd 15 N.Y.2d 882, 258 N.Y.S.2d 418, 206 N.E.2d 353 (1963); *Pacific Vegetable Oil Corp. v. C.S.T., Ltd.,* 29 Cal.2d 228, 174 P.2d 441

---

* See *Fite & Warmath Const. Co., Inc. v. MYS Corp.,* Ky., 559 S.W.2d 729 at section III (1977).

(1946). This is so because when a court examines the evidence and imposes its view of the case it substitutes the decision of another tribunal for the arbitration upon which the parties have agreed, and in effect sets aside their contract. *Firemen's Fund Ins. Co. v. Flint Hosiery Mills, Inc.*, C.A. 4, 74 F.2d 533, cert. den. 295 U.S. 748, 55 S.Ct. 826, 79 L.Ed. 1692 (1935). As early as 1855 the Supreme Court of the United States, assuming the absence of statutory or contractual provisions to the contrary, put it this way in *Burchell v. March*, 17 How. 344, 58 U.S. 344, 349, 15 L.Ed. 96 (1855),

> "If the award is within the submission, and contains the honest decision of the arbitrators, after a full and fair hearing of the parties, a court of equity will not set it aside for error, either in law or fact. A contrary course would be a substitution of the judgment of the chancellor in place of the judges chosen by the parties, and would make an award the commencement, not the end, of litigation."

The scope of review by a court of an arbitrator's award is similarly strictly limited in this Commonwealth. Our expression of the rule is that an award may be set aside if there has been a "gross mistake of law or fact constituting evidence of misconduct amounting to fraud or undue partiality." *Smith v. Hillerich & Bradsby Co., Inc.*, Ky., 253 S.W.2d 629 (1952). See also *First Baptist Church (Colored) v. Hall*, Ky., 246 S.W.2d 464 (1952). Neither party here suggests fraud or undue partiality on the part of the arbitrators. An arbitrator's award in absence of such misconduct is not reviewable by our judiciary, and, a fortiori, the evidence supporting that award may not be evaluated by our courts. The Court of Appeals exceeded its authority when it sifted the evidence presented during the arbitration hearings. Consequently, its decision to increase the amount of the award based on insufficiency of the evidence can not stand.

The decision of the Court of Appeals is reversed and the judgment of the Floyd Circuit Court is affirmed.

All concur.