963 F.2d 373
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
APPALACHIAN REGIONAL HEALTHCARE INC. Plaintiff-Appellant
v.
BEYT, RISH, ROBBINS GROUP, ARCHITECTS, Defendant-Appellee.
 No. 91-6063.
 United States Court of Appeals, Sixth Circuit.
 May 19, 1992
 
 Before RALPH B. GUY, Jr., and BATCHELDER, Circuit Judges, and SPIEGEL,* District Judge
 PER CURIAM.
 
 
 1
 This suit involves a dispute between the developer of a hospital and an architectural firm over defects in the hospital. For the reasons set out below, we remand the case to the district court to determine whether the arbitrators' decision should be upheld under the limited standard of review for arbitration awards.
 
 
 2
 The procedural background of this case is complicated. On August 3, 1983, plaintiff-appellant, Appalachian Regional Healthcare Inc. (ARH), a Kentucky corporation, and defendant-appellee, Beyt, Rish, Robbins Group Architects (Beyt, Rish), a partnership with its principal office in Louisiana, entered into a written contract in which defendant agreed to perform architectural services for construction of an ARH hospital. The parties' contract specifies that all disputes under the contract are to be resolved by arbitration,[1] that the award of the arbitrators is final, and that judgment may be entered on the award in any court with jurisdiction over the matter.[2] The contract requires ARH to submit a written demand for arbitration "within a reasonable time after the claim, dispute or other matter in question has arisen," but at least within the statute of limitations for filing a lawsuit on the matter.[3] However, the contract also specifies that the statute of limitations for an act or failure to act will begin to run not later than the date the project is substantially completed or the date the Certificate of Payment has been issued.[4] Perhaps most importantly, the contract states that the agreement shall be governed by Kentucky law.[5]
 
 
 3
 On March 29, 1990, ARH demanded arbitration of Beyt, Rish and the construction manager because of structural defects with the hospital building. ARH then brought suit in Fayette Circuit Court in Kentucky seeking an order requiring joint arbitration of the disputes among ARH, Beyt, Rish and the construction manager. In that state court proceeding and in all subsequent proceedings, Beyt, Rish argued that plaintiff's demand for arbitration was not timely because it was not brought within the one-year statute of limitations.[6] ARH argued that the seven-year statute of limitations, rather than the one-year statute, applied,[7] and, in any case, the demand was timely under the one-year statute. The Fayette Circuit Court ruled that the dispute between ARH and Beyt, Rish should proceed to arbitration but refused to order the joint arbitration sought by ARH. The Court held that the statute of limitations issue was for the arbitrators to decide. Defendant Beyt, Rish appealed this decision to the Kentucky Court of Appeals. That appeal is still pending.
 
 
 4
 On February 16, 1991, the arbitration panel found that ARH's demand was timely under the statute of limitations, but did not specify which statute applied. The arbitration panel rendered an award in favor of ARH for $573,043.
 
 
 5
 On March 20, 1991, ARH filed a petition in federal district court to confirm the arbitration award rendered in its favor on February 16, 1991. On May 9, 1991, the Kentucky Supreme Court in Perkins v. Northeastern Log Homes, 808 S.W.2d 809 (Ky.1991), struck down the seven-year statute of limitations, Ky.Rev.Stat. § 417.135, which the arbitrators may have relied upon in deciding that the demand for arbitration was timely. On May 20, 1991, Beyt, Rish filed a petition in Fayette Circuit Court and a motion in the federal court action to vacate the arbitrators' award. ARH then filed a motion to dismiss or abate the state court action on the basis of the district court's prior jurisdiction. The Fayette Circuit Court granted the motion, abating Beyt, Rish's action.
 
 
 6
 Then, on June 28, 1991, defendant Beyt, Rish moved the federal district court to abstain from exercising its jurisdiction because the state courts needed to determine which state statute of limitations should apply. On August 9, 1991, the district court dismissed ARH's petition, holding that the Federal Arbitration Act was the law which governs the case but that abstention was necessary because the statute of limitations question must be decided by the state court.
 
 
 7
 The issue we must address, then, is whether the district court's abstention and resultant dismissal of the complaint was proper. We find that the district court need not have addressed the abstention issue because under the Federal Arbitration Act, the arbitration award was subject to a limited scope of review and the only question before the district court was whether the arbitrators overstepped their authority in rendering the award. We remand to the district court to review the arbitration award under the standard we set out below.
 
 
 8
 The threshold question is whether the Federal Arbitration Act (FAA) or Kentucky arbitration law applies to this contract which contains a Kentucky choice-of-law provision. We believe that the district court was correct that the FAA applies to this case, but for the reasons stated below.
 
 
 9
 The FAA creates a body of federal substantive law "establishing and regulating the duty to honor an agreement to arbitrate." Moses Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 n. 32, 103 S.Ct. 927, 942 n. 32 (1983).[8] It applies "to any arbitration agreement within the coverage of the Act." Id. at 24, 103 S.Ct. at 941. Because this contract is one "evidencing a transaction involving commerce," 9 U.S.C. § 2, this contract is covered by the FAA.[9] The question, however, is whether the contract's choice-of-law provision trumps the federal arbitration law in favor of Kentucky arbitration law.
 
 
 10
 The FAA does not preempt the field of arbitration so long as the state law does not require judicial resolution of claims that the parties agreed to arbitrate. Volt Info. Sciences v. Board of Trustees, 489 U.S. 468, 475-76 109 S.Ct. 1248, 1253-54 (1989). In Volt, the Supreme Court held that it would not disturb a California Court of Appeals decision interpreting a choice-of-law provision in a contract to mean that the state's procedural arbitration rules applied to the contract. Id. at 476-77, 109 S.Ct. at 1254. Several courts, however, have held that Volt did not hold that any time a choice-of-law provision is included in an arbitration agreement, state law rather than federal arbitration law must apply. Todd Shipyards Corp. v. Cunard Line, Ltd., 943 F.2d 1056, 1062 (9th Cir.1991) (despite Volt, federal law, rather than New York, applies); Painewebber Inc. v. Hartmann, 921 F.2d 507, 510 (3d Cir.1990) (because diversity action involves interstate commerce, FAA applies); Ackerberg v. Johnson, 892 F.2d 1328, 1333-34 (8th Cir.1989) (Volt merely held that parties could agree to abide by state procedural rules); Barbier v. Shearson Lehman Hutton, Inc., 752 F.Supp. 151, 155-56 (S.D.N.Y.1990) (choice of law provision does not mean state law must apply). But see Fahnesstock & Co., Inc. v. Waltman, 935 F.2d 512, 518 (2d Cir.1991) (state law applies in this diversity action). The reasoning of these courts is persuasive in that Volt merely held that carrying out the parties' intent to enforce state procedural rules "is fully consistent with the goals of the FAA." Volt, 489 U.S. at 478-79, 109 S.Ct. at 1255. In addition, Kentucky courts at the time the contract was written believed that the FAA would apply to any transaction involving interstate commerce. See Fite & Warmath Const. Inc. v. MYS Corp., 559 S.W.2d 729 (Ky.1977) ("the Federal Arbitration Act applies in contracts involving interstate commerce.") Therefore, we hold that the FAA's provisions for confirming and vacating awards apply to this contract.
 
 
 11
 Having determined that the FAA is the law which governs this matter, we must determine what it requires of a court in which a petition to confirm an award has been filed. The FAA provides that if the parties agree, as they have here, that a judgment of the court shall be entered on an arbitration award, then any time within a year of the award a party may apply to the court to confirm that award. The court "must grant such an order unless the award is vacated, modified, or corrected" as prescribed in 9 U.S.C. § 10. 9 U.S.C. § 9. Vacating an award under section 10 is appropriate only in very limited circumstances.[10] In Federated Dept. Stores v. J.V.B. Industries, 894 F.2d 862, 866 (6th Cir.1990), we held that a court must enforce an award under the FAA "so long as the arbitrator does not 'dispense his own brand of industrial justice.' " Id. We emphasized that "the burden of proving that the arbitrators exceeded their powers is very great." Id. Arbitrators do not exceed their authority unless "they display a manifest disregard of the law," which "means more than mere error in interpretation or application of the law." Id. "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." Id. (quoting United Paperworkers Intern. Union v. Misco Inc., 484 U.S. 29, 38, 108 S.Ct. 364, 371 (1987)).[11] Thus, the district court in this case was required to review the award of the arbitrators to determine whether they had exceeded the scope of their authority.
 
 
 12
 Our holding that this dispute is governed by the FAA and that the FAA requires a confirming court to apply a highly deferential standard of review to the arbitrators' decision compels us to conclude that the district court should not have abstained from ruling on the confirmation petition. Beyt, Rish argues that abstention is appropriate under both the Burford and Colorado River doctrines so that the Kentucky courts may settle the state law statute of limitations issue without federal interference. See Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1442 (1943); Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 96 S.Ct. 1236 (1976). Beyt, Rish misconstrues both of these doctrines of abstention.
 
 
 13
 Burford abstention is appropriate only if a federal court's decision on a state law issue is likely to "interfere with the proceedings or orders of state administrative agencies." New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 361, 109 S.Ct. 2506, 2514 (1989). Since there is no state administrative agency involved in this dispute, Burford abstention is not applicable.
 
 
 14
 Colorado River abstention permits a federal court to dismiss a case in deference to parallel state court litigation only if extraordinary circumstances overcome a balance "heavily weighted in favor of the exercise of jurisdiction." Moses Cone, 460 U.S. at 16, 103 S.Ct. at 937. Shortly after the Court decided Moses Cone, we distilled five factors from the opinion in that case that should be considered in deciding whether a Colorado River dismissal is appropriate. Crawley v. Hamilton County Comm'rs, 744 F.2d 28, 31 (6th Cir.1984). The only one of the factors that arguably weighs in favor of dismissal in this case is the avoidance of piecemeal litigation.[12]
 
 
 15
 In Moses Cone, the Court concluded that a Colorado River dismissal was inappropriate in an FAA dispute remarkably similar to this case because such a dismissal "frustrated the statutory policy of rapid and unobstructed enforcement of arbitration agreements." Moses Cone, 460 U.S. at 23, 103 S.Ct. at 941. Two years later, the Court explained its reasoning:
 
 
 16
 [In Moses Cone, ] we affirmed an order requiring enforcement of an arbitration agreement, even though the arbitration would result in bifurcated proceedings. That misfortune, we noted, "occurs because the relevant federal law requires piecemeal resolution when necessary to give effect to an arbitration agreement, ...
 
 
 17
 The preeminent concern of Congress in passing [the FAA] was to enforce private agreements into which parties had entered, and that concern requires that we rigorously enforce agreements to arbitrate, even if the result is "piecemeal" litigation ...
 
 
 18
 Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 221, 105 S.Ct. 1238, 1242-43 (1985) (emphasis in original.) Because the FAA governs this dispute, Moses Cone and Dean Witter compel the conclusion that the prospect of piecemeal litigation cannot justify a Colorado River dismissal.
 
 
 19
 Therefore, we REMAND this case to the district court to determine whether, under the limited standard of review set out above, the arbitrators exceeded their authority in making the award and in determining that the demand for arbitration was timely.
 
 
 
 *
 The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation
 
 
 [1]
 8.1 All claims, disputes and other matters in question between the parties to this Agreement arising out of or relating to this Agreement or the breach thereof shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise
 
 
 [2]
 8.3. The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof
 
 
 [3]
 8.2. Notice of the demand for arbitration shall be filed in writing with the other party to this Agreement and with the American Arbitration Association. The demand shall be made within a reasonable time after the claim, dispute or other matter in question has arisen. In no event shall the demand for arbitration be made after the date when institution of legal or equitable proceedings based on such claim, dispute or other matter in question would be barred by the applicable statute of limitations
 
 
 [4]
 10.3. As between the parties to this Agreement: as to all acts or failures to act by either party to this Agreement, any applicable statute of limitations shall commence to run and any alleged cause of action shall be deemed to have accrued in any and all events not later than the relevant Date of Substantial Completion of the Project, and as to any acts or failures to act occurring after the relevant Date of Substantial Completion of the Project, not later than the date of issuance of the final Project Certificate for Payment
 
 
 [5]
 "This Agreement shall be governed by the law of the state of Kentucky." § 10.1
 
 
 [6]
 Kentucky Revised Statute § 413.245 limits the filing of civil actions for acts or omissions in rendering professional services to one year from the date of the occurrence or from when the claim was or reasonably should have been discovered. Ky.Rev.Stat. § 413.245
 
 
 [7]
 Kentucky Revised Statute § 413.135 prohibits the bringing of actions resulting from deficiencies in construction and design of improvements to real property after seven years following the substantial completion of the improvement. Ky.Rev.Stat. § 413.135
 
 
 [8]
 The Federal Arbitration Act, 9 U.S.C. § 1-15, is unique in its jurisdictional set-up. It does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331. Moses Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 n. 32, 103 S.Ct. 927, 942 n. 32 (1983). There must be diversity of citizenship or some other independent basis for federal jurisdiction before a federal court has jurisdiction to hear an FAA issue. Id. Here, there was diversity between the parties, and thus the district court had jurisdiction over the matter
 
 
 [9]
 The parties' contract involves interstate commerce because the hospital was built in Kentucky, while Beyt, Rish has its principal offices in Louisiana
 
 
 [10]
 The FAA permits an award to be vacated only in these instances:
 (a) Where the award was produced by corruption, fraud, or undue means.
 (b) Where there was evident partiality or corruption in the arbitrators, or either of them.
 (c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing ... or refusing to hear evidence pertinent and material to the controversy; or any other misbehavior by which the rights of any party have been prejudiced.
 (d) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
 9 U.S.C. § 10.
 
 
 [11]
 Even if we were to find that Kentucky's arbitration law applied to this contract instead of the FAA, the scope of review of the award would be similarly limited. Because the current Chapter 417, Ky.Rev.Stat. § 417 (1984), explicitly does not apply retroactively to this contract formed in 1983, and because the prior Chapter 417, Ky.Rev.Stat. § 417 (1983), only applied to arbitration of existing disputes and not to contractual agreements to submit future disputes to arbitration, Kentucky's statutory arbitration laws would not apply to this contract. Instead, Kentucky's common law would apply. See Paine v. Kentucky Ref. Co., 169 S.W. 375, 379 (Ky.1914) (statute supplements common law of arbitration). Under Kentucky common law, the grounds for reviewing an arbitration award are limited. An award may be set aside only for a gross mistake of law or fact amounting to fraud or undue partiality. Taylor v. Fitz Coal Co., 618 S.W.2d 432 (Ky.1981); Smith v. Hillerich & Bradsby, 253 S.W.2d 629, 630 (Ky.1952); Reagar's Admin. v. Pennsylvania Co., 184 S.W. 395, 398 (Ky.1916)
 
 
 [12]
 The other factors are: (1) whether state or federal law controls the case; (2) whether the state or federal court has control of any res; (3) whether the federal forum is less convenient to the parties; and (4) the progress that has been made in the two forums. Crawley, 744 F.2d at 31. Another important factor not listed in Crawley is the existence of federal policy militating in favor of or against dismissal. Colorado River, 424 U.S. at 819, 96 S.Ct. at 1247