Greyson MEERS, Appellant

v.

SEMONIN REALTORS, Appellee

NO. 2016-CA-000498-MR

Court of Appeals of Kentucky.

AUGUST 4, 2017; 10:00 A.M.

BRIEF FOR APPELLANT: Eric E. Ashley, Louisville, Kentucky.

BRIEF FOR APPELLEE: Jason C. Vaughn, Louisville, Kentucky.

BEFORE: CLAYTON, J. LAMBERT, AND THOMPSON, JUDGES.

## OPINION

LAMBERT, J., JUDGE:

Greyson Meers has appealed from the order and judgment of the Jefferson Circuit Court confirming an arbitration award related to unpaid brokerage and agent fees arising from a real estate transaction. Finding no error, we affirm.

Semonin Realtors filed a complaint in September 2015 seeking confirmation of an arbitration award and entry of a judgment against Meers in the amount of $7,950.00. The arbitration award entered August 25, 2015, is the only evidence of record concerning the underlying arbitration,[1] and it provides as follows:

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the Greater Louisville Association of Realtors Agreement, and its Rules on Mediation and Arbitration, as agreed by the Parties, and having been duly sworn, and having duly heard the proofs and allegations of the Parties, do hereby, find and AWARD, as follows:

This case involves a claim by Semonin Realtors ("Semonin") for unpaid brokerage and agent fees allegedly earned for

---

1. Semonin Realtors included, in the appendix to its brief, a copy of the residential sales contract dated May 11, 2014. Paragraph **22** of the contract details the payment of the commission, and Paragraph 24 includes the mediation/binding arbitration agreement.

the sale of a residence located at 3914 Druid Hills, Louisville, Kentucky 40207 (the "Property"). Semonin asserts its claim against Respondent Greyson Meers ("Meers") for breach of contract in failing to close on the purchase of the Property. Claimant refers to section 22 of the GLAR Residential Sales Contract, which states in relevant part: "At closing of this transaction, Seller shall pay the above listing Company's commission as per Listing Contract. This commission is deemed earned upon acceptance of his offer, but subject to any contingencies specified herein. If the closing is not completed because of failure of Buyer and/or Seller to perform his/her respective obligations hereunder, the defaulting party shall [pay] the commission.["] (emphasis added)

Thereafter, Semonin filed this Demand for Arbitration with GLAR. This demand followed a failed attempt at mediation as required.

The amount claimed as set forth in the Damages is the Commission of $15,929.16 as set forth in the Listing Contract, plus attorney fees as set out by Claimant's counsel.

A Hearing on this matter took place at the offices of Goldberg Simpson, LLC on July 14, 2015. All parties and counsel being present; evidence was taken and witnesses were presented by each party.

A Motion in Limine was filed by Claimants [sic], attempting to limit certain defenses of impossibility being raised by the Respondent, apparently following certain correspondence or discussions leading to the Hearing. The Arbitrator took this Motion under advisement pending responsive pleadings by Respondent and a Reply by Claimant. Per this Award, that Motion is denied, and all testimony given at the Hearing will be considered.

FINDINGS:

1. Claimant provided testimony setting forth the existence of the Listing Contract, the development of the offer and counteroffers by the parties to the transaction, and the failure of Meers to effectuate the closing.

2. It was also established that Meers had been pre-approved with financing for the acquisition, and that the lending institution was prepared to transfer funds as needed at closing.

3. A Settlement Statement (HUD-1) was developed as required and was introduced at the Hearing.

4. Respondent testified that during the time period that he was negotiating for the home, his position at his existing place of employment was in jeopardy, and that he had been simultaneously contacted by a "head hunter" discussing potential employment in Lexington, Kentucky.

5. Though the parties never precisely were able to pin down the exact timeline of the dealings, it was apparent that the Respondent was considering employment in Lexington at the same time that he was negotiating for the home.

6. Testimony was clear however, that at some point, the Respondent came to the conclusion that he did not wish to reside in Louisville and work in Lexington. He had been commuting to the Elizabethtown area for quite some time in his current position, and did not want to continue or extend that commute.

7. Any testimony from the parties that tended to establish that the

decision to not go through with closing was based upon problems following the inspection period and repairs, was unsubstantiated. The Contract is clear as to the process to be followed following a home inspection. That process was not followed and therefore that defense is not available.

8. There is no question that the Listing Contract specified the amount of commission which was due upon closing.

9. It is also clear that the Residential Sales Contract places the responsibility for payment of the commission upon the breaching party if closing does not occur.

10. Therefore the Respondent is responsible for payment of the damages incurred by the Claimant.

11. However, the HUD-1 as submitted in evidence establishes how much money the Claimant would have received had the closing occurred. Section L, line 701 indicates that Semonin would have been paid $7,950.00 at closing. Yet the contract establishes the full commission that is due. Therein lies the problem.

12. Semonin is the only party before this Arbitrator. Semonin's damages are only those which it has incurred as a result of the failed closing.

13. Kentucky Select Properties is neither before this Arbitrator nor a party to the case.

14. Semonin should not receive a windfall due [to] the absence of a necessary party.

15. Semonin offered neither proof nor testimony of the shared commission. Yet the evidence established the amount of damages suffered by the Claimant.

AWARD

1. Both Parties were represented by Counsel which carefully presented the evidence on both sides of the case in a professional and efficient manner.

2. Judgment against the Respondent for the full amount of the commission $15,900.00.

3. Judgment for the Claimant, Semonin Realtors in the amount of $7,950.00.

4. After equalization payments of the Arbitration fees, the parties shall bear their own attorney fees and costs of the Arbitration.

Meers filed an answer in which he denied that the arbitration award was valid and requested modification or vacation of the award pursuant to Kentucky Revised Statutes (KRS) 417.160 and 417.170. By separate pleading, Meers filed a counterclaim against Semonin Realtors, alleging that the arbitrator failed to disclose until following the hearing that his daughter had been employed by Semonin Realtors and that the arbitrator did not consider his evidence that completion of the sale would have been a violation of federal law.

Semonin Realtors moved to dismiss Meers' counterclaim because it was predicated on his claim that the arbitrator had not properly reviewed the evidence and found the facts in his favor. Because an arbitrator's findings of fact and conclusions of law are not subject to review by a court, Meers had failed to state a claim upon which relief could be granted. Semonin Realtors asserted that Meers' allegation of impartiality was insufficient to set aside the arbitration award. Semonin Realtors filed an AOC-280 notice of submission form on January 4, 2016, after the time for

Meers to file a response had ended. The circuit court granted the motion to dismiss the counterclaim by order entered January 15, 2016, the same day Meers filed a late response, which Semonin Realtors moved to strike as untimely. It does not appear that the circuit court ruled on the motion to strike.

Thereafter, Meers filed a motion to alter, amend, or vacate the circuit court's order dismissing his counterclaim for the same reasons set forth in his response to the motion to dismiss. He stated that he was seeking relief pursuant to KRS 417.160 related to defective process in that the arbitrator failed to remain impartial due to his daughter's undisclosed work for Semonin Realtors and refused to consider evidence that, because the Louisville residence would no longer be a primary residence, the closing would violate federal law. Semonin Realtors responded by stating that the arguments set forth in Meers' motion had already been considered and decided by the circuit court in the order dismissing his counterclaim and that KRS 417.160 did not provide any relief in this case. The employment of the arbitrator's daughter several years prior to the hearing did not amount to "clear and strong evidence of undue partiality" and Meers had been allowed to present his evidence to the arbitrator related to the federal law violation, which the arbitrator did not find to be compelling. The circuit court denied Meers' motion to alter, amend, or vacate on February 29, 2016.

On March 8, 2016, Meers filed a response to Semonin Realtors' motion to confirm,[2] in which he set forth the same arguments as in prior filings. The circuit court entered an Order and Judgment on March 16, 2016, confirming the arbitration

award and entering a judgment against Meers in the amount of $8,165.11 as well as post-judgment interest at a rate of 12%. This appeal now follows.

 As we recognized in *Ison v. Robinson*, 411 S.W.3d 766, 770 (Ky. App. 2013), "a court's review of an arbitration award is very limited[.]" KRS 417.160(1) sets forth the limited grounds for vacating an arbitration award pursuant to Kentucky's Uniform Arbitration Act:

Upon application of a party, the court shall vacate an award where:

(a) The award was procured by corruption, fraud or other undue means;

(b) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;

(c) The arbitrators exceeded their powers;

(d) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of KRS 417.090, as to prejudice substantially the rights of a party; or

(e) There was no arbitration agreement and the issue was not adversely determined in proceedings under KRS 417.060 and the party did not participate in the arbitration hearing without raising the objection; but the fact that the relief was such that it could not or would not be granted by a court is not ground for vacating or refusing to confirm the award.

---

**2.** Because a motion to confirm is not in the certified record, we presume that Meers is

responding to the original complaint.

"[A]n arbitration award may only be set aside by a court pursuant to those grounds listed in the Act.... And, any claim that the arbitrator misapplied the law of damages or failed to properly resolve the facts of the case are not subject to review by the courts." *Ison*, 411 S.W.3d at 771 (internal citations omitted).

Meers' first argument addresses whether the arbitrator considered all of the evidence material to the controversy pursuant to KRS 417.160(1)(d) (the arbitrator "refused to hear evidence material to the controversy ... [so] as to prejudice substantially the rights of a party[.]"). Meers asserts that the arbitrator failed to consider his evidence that, because he had obtained his loan through the federal government, he would have committed fraud in going through with the closing. The fraud would arise from the fact that he would not be occupying the residence as his principal residence for at least one year pursuant to Housing and Urban Development (HUD) guidelines. KRS 417.160(1)(d) only addresses a situation where the arbitrator refused to hear evidence; it does not address an arbitrator's decision to omit mention of such evidence in a ruling. Here, it is undisputed that the arbitrator heard Meers' evidence on this issue. Meers admits in his brief that he testified to this during the hearing. We agree with Semonin Realtors that Meers is in reality seeking a review of the arbitrator's findings of fact, which a reviewing court is not permitted to do. "[A]n arbitrator's resolution of factual disputes and his application of the law are not subject to review by the courts." *ConAgra Poultry Co. v. Grissom Transp., Inc.*, 186 S.W.3d 243, 245 (Ky. App. 2006) (citation omitted). Therefore, we find no error in the circuit court's decision to confirm the arbitration award on this ground.

For his second and final argument, Meers contends that the arbitrator was not impartial based upon his daughter's past employment at Semonin Realtors, which was not disclosed prior to the hearing. Meers only became aware of the relationship when he heard an incidental conversation between the arbitrator and agents of Semonin Realtors after the hearing. KRS 417.160(1)(b) permits an arbitration award to be vacated if "[t]here was evident partiality by an arbitrator appointed as a neutral ... prejudicing the rights of any party[.]" Meers contends that the arbitrator's failure to disclose this relationship prior to the hearing violates this provision, while Semonin Realtors asserts that it does not reach the level of partiality to justify relief. In *Dawahare v. Spencer*, 210 F.3d 666, 669 (6th Cir. 2000), the Sixth Circuit Court of Appeals described the level of partiality as follows: "The alleged partiality must be direct, definite, and capable of demonstration, and the party asserting it must establish specific facts that indicate improper motives on the part of the arbitrator." (Internal punctuation and citation omitted). We agree with Semonin Realtors that the past employment of the arbitrator's daughter in its office does not constitute a sufficient level of partiality or cause any prejudice to Meers' rights. In fact, it appears that the arbitrator did not award Semonin Realtors the whole amount of damages claimed, but only awarded it half of the claimed amount based upon information in the HUD-1. Therefore, we again find no error in the circuit court's decision to confirm the arbitration award on this ground.

For the foregoing reasons, the Order and Judgment of the Jefferson Circuit Court is affirmed.

ALL CONCUR.