RENDERED: NOVEMBER 4, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0618-MR

CHARLES "SKEE" BAUER                                                     APPELLANT

v.                      APPEAL FROM OLDHAM CIRCUIT COURT
                        HONORABLE JERRY CROSBY, II, JUDGE
                        ACTION NO. 17-CI-00771

ROGER BAUER, BOTH
INDIVIDUALLY AND ON BEHALF
OF THE CHARLES F. BAUER
REALTY PARTNERSHIP, LLLP                                                 APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, LAMBERT, AND McNEILL, JUDGES.

LAMBERT, JUDGE: Charles "Skee" Bauer appeals the Oldham Circuit Court

orders concerning the arbitration award pertaining to Roger Bauer's claims against

Skee over the family trust. We affirm.

Skee and Roger are half-brothers, both sons of Charles F. Bauer, Sr.

The family trust was created in 2007, while Charles was still living, and the three

men comprised equal one/third ownership. Prior to December 2012, the principal property owned by the partnership consisted of several establishments in Louisville on Brownsboro Road (namely, at 3608 to 3624). In that month, what had been Doll's Market (a grocery store of many decades in that location) sold for over $2.5 million. The monies realized were placed in the trust, and the partnership retained ownership of the adjoining properties. Skee brokered the deal and managed all the business relating to the trust.

Charles Sr. passed away in February 2013. It was not until the following year that Roger began asking Skee to see the financial statements for the partnership. When none was forthcoming in spite of repeated requests, Roger (individually and on behalf of the trust) filed suit against Skee in 2017 in Oldham Circuit Court. In February 2019, Skee moved to compel arbitration pursuant to the partnership agreement. An order staying the action was entered, and a three-day arbitration hearing was held. The arbitration award was entered on August 13, 2020. A further hearing was held on October 30, 2020, on Skee's petition to vacate or modify the award. The matter then moved to circuit court for review. The circuit court affirmed the arbitrator's decision on January 22, 2021. Skee filed a post-judgment motion pursuant to Kentucky Rules of Civil Procedure (CR) 59.05. The motion was denied on April 21, 2021, after which Skee filed his notice of appeal.

The crux of this appeal turns on whether the parties effectively agreed that the circuit court could review the arbitrator's award for errors of law. Skee insists that he and Roger agreed to this, with circuit court approval, and that subsequent orders entered by the circuit court denied Skee of this agreed-upon right. We find no such error and affirm.

Skee specifically points to this language in the arbitrator's findings of fact and conclusions of law: "the parties have requested that findings be made so that they may challenge any legal conclusions they believe to be incorrect in the Oldham County Circuit Court." The emphasis here should be on whether such a review took place and is permitted by law.

Kentucky Revised Statutes (KRS) 417.160 and 417.170 provide the framework for arbitration review. KRS 417.160 ("Vacating an award") enumerates the following bases which allow an award to be vacated, namely:

> (1) Upon application of a party, the court shall vacate an award where:
>
> > (a) The award was procured by corruption, fraud or other undue means;
> >
> > (b) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;
> >
> > (c) The arbitrators exceeded their powers;

(d) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of KRS 417.090, as to prejudice substantially the rights of a party; or

(e) There was no arbitration agreement and the issue was not adversely determined in proceedings under KRS 417.060 and the party did not participate in the arbitration hearing without raising the objection; but the fact that the relief was such that it could not or would not be granted by a court is not ground for vacating or refusing to confirm the award.

And KRS 417.170 ("Modification or correction of award") provides

the following guidance:

(1) Upon application made within ninety (90) days after delivery of a copy of the award to the applicant, the court shall modify or correct the award where:

(a) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;

(b) The arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or

(c) The award is imperfect in a matter of form, not affecting the merits of the controversy.

The Kentucky Supreme Court recently visited this issue in the case of *Don Booth of Breland Group v. K&D Builders, Inc.*, 626 S.W.3d 601 (Ky. 2021), where it reiterated that KRS 417.160 delineates the limited bases for vacating an arbitrator's award. The Court reiterated the following standard of review:

> Generally, courts may not review an arbitrator's award. *Taylor v. Fitz Coal Co. Inc.*, 618 S.W.2d 432, 432 (Ky. 1981). Kentucky's Uniform Arbitration Act, KRS Chapter 417, strictly circumscribes when a court review of an arbitration decision is appropriate. *3D Enters. Contracting Corp. v. Lexington-Fayette Urb. Cty. Gov't*, 134 S.W.3d 558, 562 (Ky. 2004). An arbitration award may not be set aside for mere errors of law or fact, *Smith v. Hillerich & Bradsby Co.*, 253 S.W.2d 629, 630 (Ky. 1952), and "an arbitrator's resolution of factual disputes and his application of the law are not subject to review by the courts." *Conagra Poultry Co. v. Grissom Transp., Inc.*, 186 S.W.3d 243, 245 (Ky. App. 2006) (citation omitted).

626 S.W.3d at 606-07 (footnotes omitted).

It matters not what the parties agreed to do: They cannot rewrite the laws passed by the General Assembly and interpreted by the courts. *Conagra Poultry Co.*, 186 S.W.3d at 245 (citing to *3D Enterprises*, *supra*).

Furthermore, the parties did receive meaningful review from the circuit court on two occasions after the arbitrator's decision.

Skee received the full benefit of the arbitration process and circuit court review. His dissatisfaction lays with the arbitrator's findings of fact, which he concedes are not reviewable, rather than the conclusions of law. It was Skee

-5-

who sought to enforce the arbitration clause in the partnership agreement (and rightly so) after Roger brought suit in the circuit court. Skee does nothing to convince us that the arbitration process here was statutorily unsound. Nor are his allegations of arbitrator partiality persuasive. The three-day hearing was comprehensive, and neither party was hindered in the presentation of evidence or testimony. The fact that Skee was disappointed with the outcome does not provide the legal grounds necessary to vacate the arbitration award or the circuit court's orders affirming same. *See Meers v. Semonin Realtors*, 525 S.W.3d 545 (Ky. App. 2017).

Accordingly, the orders of the Oldham Circuit Court are affirmed.

ALL CONCUR.


BRIEFS FOR APPELLANT:

J. Gregory Joyner
Louisville, Kentucky

BRIEF FOR APPELLEE:

Kenneth A. Bohnert
Maureen P. Taylor
Louisville, Kentucky