Betty Ruth TACKETT, Appellant,

v.

CAMPBELL CORPORATION and Ford Motor Company, Appellee.

No. 88–CA–245–S.

Court of Appeals of Kentucky.

Sept. 29, 1989.

Rehearing Denied Jan. 5, 1990.

Lawrence R. Webster, Pikeville, for appellant.

J.K. Wells, Donald L. Jones, Wells Porter Schmitt & Walker, Paintsville, Mark L. Moseley, Jeffrey D. Damron, Landrum Shouse & Patterson, Lexington, for appellee.

Before HOWERTON, C.J., and HAYES and REYNOLDS, JJ.

HAYES, Judge:

Betty Ruth Tackett appeals from the Floyd Circuit Court's order dismissing her complaint against Ford Motor Company (Ford) and Campbell Corporation (Campbell), and remanding the matter to the Ford Consumer Appeals Board (the "board"). Although she admits to having agreed to have her complaint arbitrated by the board, Tackett now contends that she is not legally bound by the board's decision and that, therefore, the court's action was erroneous. We agree and reverse.

In July of 1983, Tackett purchased a new Ford "Escort" from Campbell's dealership in Floyd County, Kentucky. The vehicle soon developed numerous malfunctions which, despite repeated attempts, 21 in all, Campbell's service department was unable to correct. On October 3, 1984, Tackett executed a "Customer's Statement" detailing her complaints and submitting them for resolution by the board. It is important to note, however, appellant's demands as detailed in that statement:

> I feel that I should have my money reimbursed so that I may be able to purchase a new car or have my car replaced with a new one. Also an adjustment made for 9000 miles per gallon difference in cost of fuel.... I ask the review board to consider my problem as an existing problem that cannot be solved and assist me in taking action to receive what I originally purchased—a new car.

In complete disregard of this request by appellant, the board by letter dated December 13, 1984 informed appellant that the majority of her problems had been solved and the remaining problems would be resolved once parts became available. This latter magnanimous gesture was made some year and a half after appellant began complaining of problems. She was also offered an extended warranty.

Following receipt of a January 31, 1985 letter from the board informing appellant that all her automobile problems had been solved, appellant informed Ford Motor Company and its dealer that she was revoking her acceptance of the vehicle and filed suit in Pike Circuit Court.

Ford and Campbell moved the Pike Circuit Court to grant them summary judgment on the ground that appellant had agreed to submit her complaints to the board for arbitration and that she was legally bound by the board's decision pursuant to KRS 367.865(2). They also moved the court to dismiss the action for lack of venue. The Pike Circuit Court found appellant had properly withdrawn from the dispute resolution system; that no legally binding "decision" had been made by the

board, and transferred the cause to Floyd County where there was proper venue. Floyd Circuit Court granted appellees' motion to dismiss.

Appellant, inter alia, states the "decision" reached by the board did not address the issue raised in her request for arbitration. We agree.

■ Neither this Court nor the circuit court can substitute its judgment for that of an arbitrator unless the judgment is beyond the scope of the issues submitted to the arbitrator. In *Atlantic Painting v. Nashville Bridge Company*, Ky., 670 S.W.2d 841, 845 (1984), the Court cited approvingly the following from C.J.S. *Arbitration* § 108:

> The basic test of the validity of an arbitration award lies in the conformity to the submission. An award which does not substantially comply with the terms of the submission is not binding upon the parties and will not be upheld, and the arbitrators cannot include in their award a determination of things or rights not within the scope of submission, for such action is unauthorized and at least to that extent void, even if they act in good faith and from proper motives.

■ The "decision" of the board, assuming one was made, not only exceeded the scope of the question submitted to it by the appellant, but the board did not even consider the matter submitted to the board. Appellant did not submit to dispute resolution whether the car could, should, or had been repaired. The reason she chose not to submit the repair issue is obvious: 20 plus times to the dealer for repairs; some 17 days missed from work as a result; over 2000 miles placed on the vehicle by Campbell test driving it; and being without the use of her car for some 31 months. Facts such as these necessitated the Kentucky General Assembly to enact the Kentucky Lemon Law, KRS 367.840–367.846.

The judgment of the trial court is reversed with directions to permit appellant to proceed to trial.

REYNOLDS, Judge, concurs.

HOWERTON, Chief Judge, dissents by separate opinion.

HOWERTON, Chief Judge, dissenting.

I respectfully dissent. Although I sympathize with Ms. Tackett, the Floyd Circuit Court correctly remanded her claim to the Ford Consumer Appeals Board. Tackett was undoubtedly frustrated with her car and with the repair service provided by the agent, Campbell. Nevertheless, when she contacted the board, Ford made a real effort to correct her problems. When Tackett ceased all participation in the process, the board determined the final problems with the car would be solved when some parts were available.

Ms. Tackett and Ford agreed to the arbitration process, yet Tackett never gave the process a chance to work. When she filed her "Customer's Statement," the only thing she wanted was a new car or her money back. Naturally, Ford sought other options. I know of no way to dispute the board's findings, and a remand was proper. I do know that Ms. Tackett rejected the car, revoked her acceptance of arbitration, and filed suit in court.

The board acted within its bounds. Tackett offered nothing but the solution of a new car or her money back, while Ford attempted to arbitrate within the scope of the board. Ford had a right to repair the vehicle, and the question for the board was whether the car was fixed. It found that it was essentially fixed, and I will not substitute my judgment for that conclusion. Tackett should be bound by that decision or be required to finalize the arbitration process.

The case was properly remanded to the board, and I would affirm the Floyd Circuit Court.