**Herschel Dennis DILLARD, Appellant,**

v.

**Claire W. DILLARD (Now Meador), Appellee.**

**No. 92–CA–2239–S.**

Court of Appeals of Kentucky.

Aug. 27, 1993.

Frank Hampton Moore, Jr., Michael D. Lindsey, Douglas W. Gott, Cole, Moore & McCracken, Bowling Green, for appellant.

David Goin, Harrison & Goin Law Firm, Scottsville, for appellee.

Before McDONALD, STUMBO and WILHOIT, JJ.

McDONALD, Judge.

The sole allegation of error raised by Herschel Dennis Dillard (Dennis) in this appeal is that the Allen Circuit Court erred in its determination that it had jurisdiction to entertain the motion of the appellee, Claire Dillard Meador (Claire), to modify the custody of the parties' son, Nicholas, now aged ten. The parties' marriage was dissolved by the Allen Circuit Court in April, 1986. Claire was initially awarded custody of Nicholas. When Nicholas was two years old, Nicholas was physically abused by Claire's boyfriend. The court thus revoked its award of custody to Claire and placed Nicholas in the custody of Dennis. Soon thereafter, Dennis moved to Spartanburg, South Carolina with Nicholas. From 1987 to 1989, the Allen Circuit Court continued to exercise jurisdiction over the case and entered various orders pertaining to visitation.

In the meantime, Claire broke off her relationship with the abusive boyfriend, obtained counseling and eventually married Mike Meador, a Scottsville police officer. In 1989, she motioned for a modification of the 1987 custody order. Dennis objected and raised the issue of subject matter jurisdiction. The trial court found it had jurisdiction under KRS 403.420(1)(b), but after a hearing did not find that Claire had made the requisite showing to justify a change of custody.

In 1991, Dennis moved to Henderson, Tennessee. Claire motioned in the Allen Circuit Court for an increase in visitation. The record indicates the parties entered an agreed order concerning visitation in that court in March, 1992. In April, 1992, Claire again motioned for a modification of the 1987 custody order when Dennis' second wife, Tammy, informed Claire of the long-term physical and emotional abuse she had been subjected to, much of which Nicholas had allegedly witnessed. Dennis' response to the motion again raised the issue of subject matter jurisdiction. After a hearing the trial court, as it had in 1990, determined it had subject matter jurisdiction. It conducted an evidentiary hearing on the merits of her motion in July, 1992. In the order appealed from, the court found as follows:

> According to his [psychologist, David Ball] testimony, which the Court believes, Nicholas has come to consider himself an emotional partner with Dennis, so that there is a role reversal between father and son. Dennis has become emotionally dependent on Nicholas and Nicholas considers himself partly responsible for Dennis' inability to sustain a relationship with any woman. Moreover, Nicholas has been exposed to an abusive environment which has conditioned him to side with Dennis, whom he perceives to be the stronger person in his environment. He has come to have a general disrespect for women, especially those who have had a relationship with Dennis. His situation is serious and profound, and unless there is a change in his environment and long term treatment, he will emulate Dennis' unfortunate characteristics and will turn out to be abusive and hostile, and will be unable to maintain a stable marital relationship when he reaches adulthood.
>
> . . . .
>
> In the case at bar, the Court finds that Nicholas' present environment (i.e., in the custody of Dennis), does and will serious-

ly endanger his mental and emotional health, because of the inappropriate interrelationship between Nicholas and Dennis which has developed and worsened substantially since the July 12, 1990 hearing, the deteriorating attitude and behavior of the child toward Claire resulting from the child being exposed to Dennis' animosity toward Claire, and the pattern of domestic violence and abuse in his home environment with Dennis to which Nicholas has been exposed up until Dennis' separation from Tammy in early March, 1992.

In contrast to Dennis' personal and domestic turmoil, Claire and Mike Meador offer a stable home. Their marriage is now of four years duration, both are gainfully employed, they have their daughter Katie, born just a few months ago, and both Claire's mother and Mike's mother are available to help with child care. Claire will offer Nicholas a stable and nurturing environment and the continued professional counseling needed to restore Nicholas to a normal emotional state for a child his age.

The court concluded that modification was necessary and that Nicholas' environment with Dennis "... endangers seriously his mental and emotional health, and that the harm likely to be caused by the proposed change of environment is outweighed by its advantages to Nicholas."

Dennis has raised no issue concerning the above findings of the trial court but challenges only the trial court's ruling on the issue of jurisdiction. Dennis specifically takes issue with the trial court's following conclusion:

... Claire and Nicholas have a significant connection with Kentucky and there is available in Kentucky substantial evidence concerning Nicholas' present and future care, protection, training and personal relationships.

KRS 403.420(1)(b), that provision of the Uniform Child Custody Jurisdiction Act (UCCJA) relied on by the trial court in determining it had jurisdiction, provides:

(1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

....

(b) It is in the best interest of the child that a court of this state assume jurisdiction because the child and his parents, or the child and at least one (1) contestant, have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; ....

We are somewhat confused as to why Dennis believes KRS 403.420(1)(b) is inapplicable to this situation. Our confusion stems from the fact that the issue articulated in Dennis' prehearing statement is not the same as that in his brief. Dennis stated as follows in his prehearing statement:

The Allen Circuit Court no longer has jurisdiction to rule on this case because neither parent nor their son live[s] in Kentucky or [has] significant contacts within this jurisdiction.

We do not have a transcript of either the pretrial hearing held in May, 1992, concerning the issue of the court's jurisdiction or the hearing on the merits in July, 1992. However, the record does not reveal that Claire lives anywhere other than Allen County, Kentucky. If Claire does live in a different state, this was not alleged in Dennis' response to the motion to modify or brought to the trial court's attention that we can find. Inexplicably, Dennis, in his brief, makes no mention of Claire's residency, but argues only that "there was not a significant connection between *Nicholas* and the state of Kentucky." (Emphasis added). We would agree that, if both parents and the child no longer resided in Kentucky, our courts would no longer be able to meet any test for jurisdiction contained in the UCCJA. However, while the judgment does not contain an explicit finding that Claire still resides in Kentucky, we assume such was not necessary as there was no allegation or evidence that her residence had changed since the court's order resolving this issue in 1990. That Claire resides here can be implied from the fact

that the court specifically noted Dennis' out-of-state moves and by its reference to order of January 8, 1990, and its findings therein relating to the jurisdictional issue. One of the "significant connections" mentioned in the 1990 order is that Claire "lives and works in Allen County, Kentucky, and has virtually all of her connections here."

 Without a transcript of the proceedings, we must assume the record supports the factual determinations of the trial court. *Foley v. Production Credit Association*, Ky.App., 753 S.W.2d 876 (1988). The provision of the UCCJA providing "best interest" jurisdiction requires factual determinations that the child and at least one contestant have a "significant connection" with this state. KRS 403.420(1)(b). The trial court found such significant connections. Despite appellant's contention that Nicholas' connections with Kentucky are "minor," there is no way we can determine the findings to be clearly erroneous on the limited record before us. Certainly the facts that are of record support the trial court's decision to exercise jurisdiction in this matter. Those include the fact that Nicholas was born here in 1983, lived here until 1987, that in addition to his mother and stepfather, he has grandparents and other relatives in this state, that he frequently visits here and that the court has been frequently involved in various custody and visitation matters, even since Nicholas moved out-of-state with the appellant.[1] The mere fact that the child and his custo-

dial parent live in another state does not, as a matter of law, divest the trial court of jurisdiction to modify its custody orders. If so, there would be no purpose for enacting KRS 403.420(1)(b).

Accordingly, the judgment of the Allen Circuit Court is affirmed.

STUMBO, J., concurs.

WILHOIT, J., dissents and files a separate opinion.

WILHOIT, Judge, dissenting.

I respectfully dissent from the majority opinion. While it might be that Kentucky has "significant contacts" with the child and his mother, the stated purpose of the Uniform Child Custody Jurisdiction Act is to assure "that litigation concerning the custody of the child takes place ordinarily in the state with which the child and his family have the *closest* connection...." KRS 403.400(1)(c) (emphasis added). Based on the record before us, that state is South Carolina, and it is that jurisdiction in which any change in permanent custody should be determined.

---

1. The UCCJA concerns subject matter jurisdiction which, unlike personal jurisdiction, cannot be waived even by agreement of the parties. That Dennis has previously submitted to the trial court's jurisdiction does not confer jurisdiction on the court. Nevertheless, the existence of extensive prior litigation concerning custody and visitation of Nicholas in the Allen Circuit Court is a factor in determining whether the parents and child have a "significant connection" with this state and, more importantly, whether there is "evidence concerning the child's present or future care, protection, training, and personal relationships."