**3D ENTERPRISES CONTRACTING CORPORATION, Appellant,**

v.

**LEXINGTON–FAYETTE URBAN COUNTY GOVERNMENT, Appellee.**

No. 2002–SC–0285–DG.

Supreme Court of Kentucky.

May 20, 2004.

**2.** *See* Abed Awad, *Attorney–Client Sexual Rela-* *tions,* 22 J. Legal Prof. 131 (1998).

Thomas E. Roma, Jr., Parker & O'Connell, PLLC, George Bruce Stigger, Alber Crafton, PLLC, Louisville, Counsel for Appellant.

Edward W. Gardner, Lexington–Fayette Urban Co. Government Department of Law, Thomas H. Glover, Lexington, Counsel for Appellee.

STUMBO, Justice.

Appellant, 3D Enterprises Contracting Corporation, presented a bid proposal to make improvements to a public swimming pool located in Lexington. Appellee, the Lexington–Fayette Urban County Government, accepted the bid and awarded Appellant a $1,315,600.00 construction contract. The contract stated that the project should be completed within 240 days from a proposed starting date of October 24, 1995. However, when the parties executed the contract, the plans for construction

at the pool had not received final approval from the Fayette County Health Department.

Appellant began construction at the swimming pool pursuant to the contract, but soon was forced to stop working due to modifications in the project plans required by the Health Department. Because the work was delayed, the parties negotiated two change orders to the contract in accordance with the terms of the contract. These change orders served to increase the amount of the contract and extended the date of completion.

Upon completion of the construction project, Appellant demanded additional compensation from Appellee because of the delays it experienced. Appellee declined to make further payment. As required by the contract, the parties entered into arbitration on the claim for delay damages.

During the arbitration proceedings, Appellee asserted that Appellant's claim for damages was precluded by the construction contract's no-damages-for-delay clause. Appellant argued, *inter alia,* that the delays and disruptions it encountered during the construction project were due to the active interference and material misrepresentations of Appellee, and consequently, the no-damages-for-delay clause should have been rendered inapplicable under the circumstances. The three-member arbitration panel unanimously ruled in Appellant's favor and awarded Appellant $272,515.19.

Appellee petitioned the Fayette Circuit Court to vacate the arbitration award. In its November 18, 1999, opinion and order, the circuit court considered two issues. First, whether Appellee waived its defense of sovereign immunity by entering into a contract that provided for arbitration of disputes arising from the contract. Second, whether the arbitration panel committed palpable error in its failure to enforce the no-damages-for-delay clause of the construction contract.

The circuit court first held that sovereign immunity had in fact been waived when Appellee entered into a contract providing for the arbitration of claims. As to the second issue, the court, citing *Carrs Fork Corporation v. Kodak Mining Company,* Ky., 809 S.W.2d 699 (1991), noted that the relevant ground for vacating an arbitration award in the instant case was whether the arbitrators exceeded the powers granted to them by KRS 417.160(1)(c).

The circuit court held that the arbitration award was palpably erroneous because the arbitrators exceeded their powers by failing to enforce the no-damages-for-delay clause. The court further held that it was contrary to law and principles of equity to award damages for delays that Appellant effectively waived by agreeing to the change orders to the construction contract. Accordingly, the court granted the motion to vacate the award.

On appeal, the Court of Appeals affirmed the circuit court's decision to vacate the award, but disagreed with the court's reasoning. The Court of Appeals stated that it did not believe that the arbitrators exceeded their powers in their failure to enforce the no-damages-for-delay clause, but concluded that the circuit court possessed the authority to vacate the arbitration award pursuant to its equitable powers. The Court of Appeals declined to address the issue of sovereign immunity. We granted discretionary review and hereby reverse the decision of the Court of Appeals and reinstate the award granted by the arbitrators.

The principal issue on appeal is whether the circuit court had the power, either pursuant to KRS 417.160(1)(c) or otherwise, to vacate the arbitration award. It is

our view that the circuit court had no such power in this case.

KRS 417.160(1)(c) provides that an arbitration award shall be vacated by a court when "[t]he arbitrators exceed[ ] their powers." As previously mentioned, the Court of Appeals did not believe that the arbitrators exceeded their powers in their failure to enforce the no-damages-for-delay clause. In support of that belief, the Court of Appeals stated:

We agree with [Appellant] that the circuit court's action exceeded its scope of review under [KRS 417.160(1)(c) ]. In determining whether the arbitrators exceeded their power, a court should look to whether the award was fairly and honestly made within the scope of the issues submitted for resolution or whether the arbitrators acted beyond the material terms of the contract. *See, e.g., Tackett v. Campbell Corp.,* Ky.App., 781 S.W.2d 758 (1989). In reviewing whether an arbitrator exceeded his powers, a court should not review the merits of the award, only whether the issues were submitted and covered by the contract. *Laslo [Laszlo] N. Tauber, M.D. & Assoc.'s v. Trammel Crow Real Estate Services, Inc.,* 738 A.2d 1214 (D.C.1999); *Arnold v. Morgan Keegan & Co., Inc.,* 914 S.W.2d 445 (Tenn.1996).

The contract between the parties provided for arbitration of disputes related to the contract and judgment on arbitration awards stating as follows:

4.5.1 Controversies and Claims Subject to Arbitration. Any controversy or Claim arising out of or related to the Contract, or the breach thereof, shall be settled by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator or arbitrators may be entered in any court having jurisdiction thereof except controversies or claims relating to aesthetic effect and except those waived as provided for in Subparagraph 4.3.5.

4.5.7 Judgment on Final Award. The award rendered by the arbitrator or arbitrators shall be final, and judgment may be entered upon it in accordance with the applicable law in any court having jurisdiction thereof.

The applicability of the no-damages-for-delay clause and the change orders was squarely presented to the arbitrators. They heard evidence on exceptions to the enforceability of the clause and rendered a decision based on the evidence. We disagree with the circuit court's view that the arbitrators exceeded their powers by failing to enforce the no-damages-for-delay clause.

*3D Enterprises Contracting Corp. v. Lexington–Fayette Urban County Gov't,* Ky. App., No.1999–CA–2945–MR, Slip Op. at 7–8 (Dec. 7, 2001). We agree with the Court of Appeals that the arbitrators did not exceed their powers in failing to enforce the no-damages-for-delay clause of the contract and adopt the preceding language in that regard. However, while we have adopted the Court of Appeals' preceding rationale concerning KRS 417.160(1)(c), we find error in the court's interpretation of our opinion in *Carrs Fork, supra.*

The Court of Appeals cites to *Carrs Fork* for the proposition that the circuit court possessed the authority to vacate the arbitration award pursuant to its equitable powers. Under the circumstances of this case, we are unable to agree.

In *Carrs Fork* we applied KRS 417.018 in conjunction with CR 61.02, the palpable error rule, to set aside a portion of an arbitration award because "the majority of

arbitrators and the circuit court ignored the legal maxim that the law abhors a forfeiture of a coal lease." 809 S.W.2d at 701. KRS 417.018 was repealed on July 13, 1984, following the enactment of the Kentucky Uniform Arbitration Act (hereinafter the "Act"). *See* 1984 Ky. Acts, Ch. 278, § 12. Section 19 of 1984 Ky. Act., Ch. 278 provides that the Act is only applicable "to agreements made subsequent to the taking effect of the Act." The now repealed KRS 417.018 provided that "[n]o award shall be set aside for the want of form. But courts shall have power over awards on equitable principles as heretofore." The grounds for vacation of an arbitration award under the Act are set forth in KRS 417.160, which reads:

(1) Upon application of a party, the court shall vacate an award where:

(a) The award was procured by corruption, fraud or other undue means;

(b) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;

(c) The arbitrators exceeded their powers;

(d) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of KRS 417.090, as to prejudice substantially the rights of a party; or

(e) There was no arbitration agreement and the issue was not adversely determined in proceedings under KRS 417.060 and the party did not participate in the arbitration hearing without raising the objection; but the fact that the relief was such that it could not or would not be granted by a court is not ground for vacating or refusing to confirm the award.

(2) An application under this section shall be made within ninety (90) days after delivery of a copy of the award to the applicant; except that, if predicated upon corruption, fraud or other undue means, it shall be made within ninety (90) days after such grounds are known or should have been known.

(3) In vacating the award on grounds other than stated in paragraph (a) of subsection (1) of this section, the court may order a rehearing before new arbitrators chosen as provided in the agreement, or in the absence thereof, by the court in accordance with KRS 417.070, or, if the award is vacated on grounds set forth in paragraphs (c) and (d) of subsection (1) of this section, the court may order a rehearing before the arbitrators who made the award or their successors appointed in accordance with KRS 417.070. The time within which the agreement requires the award to be made is applicable to the rehearing and commences on the date of the order.

(4) If the application to vacate is denied and no motion to modify or correct the award is pending, the court shall confirm the award.

The Court of Appeals takes the position that our opinion in *Carrs Fork* did not rely on KRS 417.018, and instead expanded the scope of review of arbitration awards based on equity. The court further stated that we suggested the grounds on which to vacate an award set out in the Act were not exclusive.

■ The question now becomes whether, since the adoption of the Act, a court has the authority to vacate an arbitration award using its equitable powers. Therefore, we find that with respect to agreements entered into after the effective date of the Act, a court may only set aside an

arbitration award pursuant to those grounds set forth in the Act.

▮ When the General Assembly passed the Act, it failed to include language similar to that provided in the now repealed KRS 417.018. "This Court shall not speculate what the General Assembly may have intended but failed to articulate." *Peterson v. Shake*, Ky., 120 S.W.3d 707, 709 (2003). As such, we hold that all arbitration awards arising from agreements entered into after the effective date of the Act may only be set aside by a court pursuant to those grounds listed in the Act. We reaffirm *Carrs Fork's* continuing vitality with regard to the vacation of arbitration awards arising from agreements entered into prior to the effective date of the Act. Under the circumstances, we hold that the Court of Appeals committed error when it vacated the arbitration award. The arbitration award must be reinstated.

▮ Lastly, we conclude that this Court's review of Appellee's sovereign immunity claim is precluded by Appellee's failure to file a cross-motion for discretionary review. "It is the rule in this jurisdiction that issues raised on appeal but not decided will be treated as settled against the appellant in that court upon subsequent appeals unless the issue is preserved by cross-motion for discretionary review." *Commonwealth, Transp. Cabinet Dep't of Highways v. Taub,* Ky., 766 S.W.2d 49, 51–52 (1988). It was incumbent upon Appellee to file a cross-motion in order to preserve the sovereign immunity issue for review, as the issue now must be "deemed to have been decided adversely to" Appellee. *Id.* at 52. Further review by this Court is precluded.

For the foregoing reasons, the opinion of the Court of Appeals affirming the opinion and order of the Fayette Circuit Court is reversed, and this cause is hereby remanded to the circuit court for entry of an order confirming the arbitration award.

All concur.