**CONAGRA POULTRY COMPANY,**
Appellant,

v.

**GRISSOM TRANSPORTATION,**
**INC., Appellee.**

No. 2004–CA–002609–MR.

Court of Appeals of Kentucky.

March 3, 2006.

Kerry D. Smith, Paducah, KY, for appellant.

David L. Kelly, Paducah, KY, for appellee.

Before COMBS, Chief Judge; DYCHE and HENRY, Judges.

### OPINION

COMBS, Chief Judge.

ConAgra Poultry Company (ConAgra) appeals from an order of the McCracken Circuit Court that confirmed an arbitrator's award of $101,605.41, in favor of the appellee, Grissom Transportation, Inc. (Grissom). ConAgra argues that the circuit court denied its rights of procedural due process by refusing to consider documentary evidence presented to the arbitrator. ConAgra also contends that the court erred in failing to vacate or modify the arbitrator's award, which it alleged was

the product and result of the arbitrator's disregard of the law applicable to damages for breach of contract. Finding no error, we affirm.

In July 2000, ConAgra entered into an exclusive contract with Grissom for transportation services. In exchange for a monthly payment equal to its actual cost plus twenty-two percent, Grissom agreed to transport ConAgra's employees to and from their work site. The agreement was not to expire until October 31, 2002; however, ConAgra terminated its relationship with Grissom at the end of May 2002.

The parties' written agreement required that they arbitrate any disputes arising between them. Accordingly, Grissom initiated arbitration proceedings to recover approximately $126,000 in amounts owed under the contract. ConAgra filed a counterclaim, seeking $54,000 for alleged overcharges that it had paid to Grissom.

A hearing was conducted before an arbitrator in May 2004. The proceedings were not transcribed. Neither party requested that the arbitrator render a "reasoned opinion" pursuant to the rules governing the arbitration. On June 17, 2004, the arbitrator awarded Grissom the sum of $101,605.41 without stating his reasons and denied ConAgra's counterclaim in its entirety.

On July 23, 2004, ConAgra filed a complaint in the circuit court seeking to modify or vacate the award. It alleged that the award was incorrect because: (1) damages are not legally allowable for the termination of a "cost-plus" contract; (2) Grissom's initial breach (in overcharging ConAgra) excused ConAgra from further performance under the contract; (3) Grissom was not entitled to "expectancy damages"; (4) the arbitrator erroneously applied the contract in determining damages;

and (5) the arbitrator erred in failing to award ConAgra damages for Grissom's overcharges. Grissom responded to the complaint and filed an application to confirm the arbitrator's award.

ConAgra tendered a number of exhibits to the circuit court accompanied by an affidavit stating that the materials constituted true and correct copies of exhibits that had been submitted to the arbitrator. Grissom objected to the consideration of the documents by the court, and the circuit court entered an order striking them from the record. On November 24, 2004, the court entered a final order denying ConAgra's petition and granting Grissom's application for confirmation of the arbitrator's award. This appeal followed.

■ ConAgra acknowledges in its brief that judicial review of a decision rendered by an arbitrator must be highly deferential. *See, 3D Enterprises Contracting Corporation v. Lexington–Fayette Urban County Government,* 134 S.W.3d 558 (Ky. 2004). KRS[1] 417.160, the relevant portion of the Kentucky Uniform Arbitration Act, limits the grounds for vacating an arbitration award to the following situations:

(a) The award was procured by corruption, fraud or other undue means;

(b) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;

(c) The arbitrators exceeded their powers;

(d) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefore or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions

1. Kentucky Revised Statutes.

of KRS 417.090, as to prejudice substantially the rights of a party; or

(e) There was no arbitration agreement and the issue was not adversely determined in proceedings under KRS 417.060 and the party did not participate in the arbitration hearing without raising the objection; but the fact that the relief was such that it could not or would not be granted by a court is not ground for vacating or refusing to confirm the award.

KRS 417.170 severely restricts a court's ability to enter a judgment which deviates from the arbitrator's award. This statute permits judicial modification of an award only in the following circumstances:

(a) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;

(b) The arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or

(c) The award is imperfect in a matter of form, not affecting the merits of the controversy.

An examination of ConAgra's complaint reveals that it did not allege the existence of any of the statutory grounds for vacating or modifying the arbitrator's award. Instead, it sought to be relieved of the arbitrator's award on the basis either that the arbitrator misapplied the law of damages relative to breach of contract or that he erred in failing to resolve the facts in its favor. However, an arbitrator's resolution of factual disputes and his application of the law are not subject to review by the courts. *3D Enterprises, supra.*

Even if we were not circumscribed by this highly limited standard of review, we would affirm the court's judgment.

Without a transcript of the arbitration proceedings, the court was required to assume that the evidence supported the arbitrator's decision. *See, Dillard v. Dillard,* 859 S.W.2d 134, 137 (Ky.App.1993). Additionally, we are not persuaded that any error of law is reflected in the arbitrator's award.

Although ConAgra has cited several cases from other jurisdictions concerning the proper measure of damages in the context of the breach of a cost-plus contract, it has not cited a case from this jurisdiction in support of its argument that the arbitrator's award is out of line. Because ConAgra opted not to be provided with a reasoned decision authored by the arbitrator and because the arbitrator did not award Grissom all the damages that it requested, we are not able to determine exactly what elements of damage were awarded. Absent some foundation in the record as to the rationale for the award, we cannot assume or speculate that the award is inappropriate as a matter of law.

ConAgra relies on *Carrs Fork Corp. v. Kodak Mining Company,* 809 S.W.2d 699, 703 (Ky.1991) as authorizing the court to review the arbitrator's award for mistakes of law. In that case, the Kentucky Supreme Court discussed a previous version of KRS 417.180 and observed that a court could vacate an arbitration award and correct legal errors pursuant to its equitable powers. On page 16 of its brief, ConAgra recites the following persuasive language from the concurring opinion in *Carrs Fork* to support its contention that an error of law justifies the reversal of an arbitrator's award:

There is a need to expedite the termination of controversies. Arbitration may be one such vehicle. But under our constitution neither the parties nor the

arbitrators can tie the hands of the court on questions of law.

*Id.* at 703.

However, in *3D Enterprises Contracting Corporation, supra,* a much more recent case, our highest court stated emphatically that the equitable powers doctrine invoked in *Carrs Fork* has no application to contracts requiring arbitration that were "entered into after [July 13, 1984], the effective date of the [Kentucky Uniform Arbitration] Act." *Id.,* at 562–563. It also held:

> "[A]ll arbitration awards arising from agreements entered into after the effective date of the Act **may only be set aside by a court pursuant to those grounds listed in the Act.**"

*Id.,* (emphasis added). As there was no suggestion presented to the circuit court that the award was tainted as required by KRS 417.160 or miscalculated as contemplated by KRS 417.170, the court did not err in confirming the award.

Finally, ConAgra contends that for it to have had any meaningful chance of prevailing in the circuit court, a review of the exhibits that it tendered was required. Because ConAgra failed to assert any of the statutory grounds necessary for a substantive review of the award, we conclude that this issue is moot. In undertaking our own independent review of the documents, we discovered no evidence of fraud, misconduct, or bias on the part of the arbitrator. Thus, the exhibits were not relevant to the court's inquiry, and the court did not abuse its discretion in striking the exhibits from the record. Additionally, without a transcript of the evidence to assist in putting the exhibits in a proper context, we cannot comprehend or appreciate their impact on the evidence examined by the arbitrator. Thus, we are constrained from speculation.

The judgment of the McCracken Circuit Court is affirmed.

ALL CONCUR.