**Charles WAGNER and Jeanette Wagner, Appellants**

v.

**The DREES COMPANY, Appellee.**

**No. 2012–CA–000241–MR.**

Court of Appeals of Kentucky.

July 26, 2013.

Discretionary Review Denied by Supreme Court March 12, 2014.

Robert N. Trainor, Covington, KY, for appellant.

Kevin L. Swick Cincinnati, OH, for Appellee.

Before CAPERTON, MAZE, and VANMETER, Judges.

## OPINION

VANMETER, Judge:

Charles and Jeanette Wagner ("Wagners") appeal from the January 27, 2012, order of the Boone Circuit Court denying their motion to vacate, or deem void, an arbitration order which dismissed their claims on statute of limitations grounds. For the following reasons, we affirm.

This case involves a claim of faulty workmanship arising out of a model home built by The Drees Company ("Drees") and purchased by the Wagners in 2000. In 2009, the Wagners filed suit against Drees for personal injury and damages relating to water intrusion/mold in their home. The parties thereafter filed an Agreed Order of Stay to arbitrate their dispute, as required by their purchase agreement. The parties subsequently entered into an arbitration agreement and engaged in extensive discovery.

During the course of arbitration, Drees filed a motion to dismiss the case on the basis that the Wagners, by their own admissions, were aware of their claims as early as 2000, and by 2002 at the latest, and thus the relevant statutes of limitations period had run on each possible claim asserted by the Wagners.[1] The Wagners filed a response and both parties filed replies. By order dated September 6, 2011, the arbitrator granted Drees' motion, treating it as a motion for summary judgment, and dismissed the Wagners' claims as barred by the statute of limitations. The Wagners filed a motion for reconsideration, which the arbitrator denied.

The Wagners then appealed the arbitrator's order to the Boone Circuit Court, requesting that the order be vacated, or deemed void, on the basis that the arbitrator exceeded his powers under KRS 417.160(1)(c). Specifically, the Wagners argued that the arbitrator lacked authority to consider Drees' motion to dismiss, since dispositive motions were not provided for in the arbitration agreement, and to render a judgment without providing the Wagners a right to a hearing, as required by the Uniform Arbitration Act ("UAA").

Drees argued in response that the Wagners had fully participated in the arbitration process, including discovery and briefing Drees' motion to dismiss, without ever challenging the arbitrator's authority to consider dispositive motions. Drees further argued that pursuant to the arbitration agreement, the arbitrator had "full power and authority to conduct the arbi-

---

1. An action for personal injuries against the builder of a home must be brought within five years of the date the cause of action accrued. Kentucky Revised Statutes (KRS) 413.120(14). Likewise, the statute of limitations for a claim of negligent misrepresenta-

tion is five years. KRS 413.120(12). The statute of limitations for damage to personal property is two years. KRS 413.125. KRS 413.140(1)(a) also provides for a one-year statute of limitations for personal injury claims.

tration and adjudicate the dispute, to enter an award for such legal and equitable relief, if any, as the arbitrator may determine to be appropriate[.]" The circuit court found that the arbitrator did not exceed his powers since the arbitrator was given full authority by the parties under the agreement to resolve the matter. Accordingly, the court denied the Wagners' motion to vacate, or deem void, the arbitration order. This appeal followed.

Judicial review of an arbitration decision is highly deferential. *Conagra Poultry Co. v. Grissom Transp., Inc.,* 186 S.W.3d 243, 244 (Ky.App.2006) (citing *3D Enters. Contracting Corp. v. Lexington–Fayette Urban County Gov't,* 134 S.W.3d 558 (Ky.2004)). "[A]n arbitrator's resolution of factual disputes and his application of the law are not subject to review by the courts." *Conagra Poultry Co.,* 186 S.W.3d at 245 (citing *3D Enters. Contracting Corp.*). KRS 417.160(1)(c) provides that an arbitration award shall be vacated by a court when "[t]he arbitrators exceed[ ] their powers[.]" In reviewing whether an arbitrator exceeded his powers, "a court should look to whether the award was fairly and honestly made within the scope of the issues submitted for resolution or whether the arbitrators acted beyond the material terms of the contract." *3D Enters. Contracting Corp.,* 134 S.W.3d at 561 (citation omitted).

In the present case, the arbitrator was given full authority by the parties to resolve the matter. The arbitrator's decision to dismiss the Wagners' claims as barred by the statute of limitations was within the scope of this authority and correct as a matter of law. In addition, the Wagners' assertion that they were entitled to a hearing under the UAA is not well-taken, since the applicable provision of the UAA, KRS 417.090, confers upon the parties a right to be heard and cross-examine witnesses, "[u]nless otherwise provided by the [arbitration] agreement[.]" Our review of the record shows that at no time did the Wagners request a hearing before the arbitrator. Further, the Wagners were given the opportunity to respond to Drees' motion to dismiss, which they did-without ever questioning the arbitrator's authority to consider the dispositive motions. And in their petition for reconsideration filed with the arbitrator, the Wagners did not challenge his authority or object to his decision on procedural grounds. Thus, the Wagners' acquiescence and participation in the briefing process, along with the language of the agreement granting authority to the arbitrator to "enter an award for such legal or equitable relief, if any, as the arbitrator may determine to be appropriate" persuades us that the arbitrator did not exceed his powers by considering, and granting, Drees' motion, based on the evidence and pleadings submitted.

The order of the Boone Circuit Court is affirmed.

ALL CONCUR.