RENDERED: JUNE 17, 2021
TO BE PUBLISHED

# Supreme Court of Kentucky

2020-SC-0023-DG

DON BOOTH OF THE BRELAND GROUP          APPELLANT

ON REVIEW FROM COURT OF APPEALS
V.          NO. 2019-CA-0069
JEFFERSON CIRCUIT COURT NO. 18-CI-003196

K&D BUILDERS, INC.; DEBBIE LAWSON
OF COLDWELL BANKER/MCMAHAN;
AND NICOLE RIBEIRO          APPELLEES

AND

2020-SC-0026-DG

K&D BUILDERS, INC.          APPELLANT

ON REVIEW FROM COURT OF APPEALS
V.          NO. 2019-CA-0069
JEFFERSON CIRCUIT COURT NO. 18-CI-003196

NICOLE RIBEIRO; DON BOOTH OF THE
BRELAND GROUP; AND DEBBIE LAWSON
OF COLDWELL BANKER/MCMAHAN          APPELLEES

AND

2020-SC-0028-DG

DEBBIE LAWSON OF COLDWELL          APPELLANT
BANKER/MCMAHAN

ON REVIEW FROM COURT OF APPEALS
V.          NO. 2019-CA-0069
JEFFERSON CIRCUIT COURT NO. 18-CI-003196

NICOLE RIBEIRO; DON BOOTH OF THE
BRELAND GROUP; AND K&D BUILDERS,
INC.          APPELLEES

**OPINION OF THE COURT BY JUSTICE KELLER**

**REVERSING**

Because the Court of Appeals exceeded the statutory basis for vacating an arbitration award, we reverse the Court of Appeals and affirm the Jefferson Circuit Court's denial of the motion to vacate the arbitrator's award.

## I.   FACTS

On October 28, 2016, Nicole Ribeiro purchased a house on Vista Hills Boulevard in Louisville. K&D Builders (K&D) constructed the home in the mid-2000s as a speculative investment. Due to the housing market downturn in the latter half of that decade, K&D converted the house to a rental property. K&D rented the home to a series of tenants from 2007 to mid-2016. In 2016, K&D decided to again put the home on the market and engaged Don Booth from the Breland Group (Booth) to list and sell the property.[1]

In October 2016, Ribeiro and her agent, Debbie Lawson, toured the house on two separate occasions. After her second visit, Ribeiro made a written offer to purchase the property. K&D accepted her offer, and both signed a standard Residential Sales Contract provided by the Greater Louisville Association of Realtors (GLAR). The contract included mandatory mediation and arbitration provisions for disputes or claims arising from the transaction.

---

[1] We start by acknowledging that none of the parties to the arbitration elected to provide a written or video record of the proceedings. We note it is difficult to undertake an adequate review without such a record, and it is incumbent on the parties to provide a record for a thorough review. The facts as discussed in the Opinion are taken from the arbitrator's summary of the testimony and evidence, augmented by specific provisions from the sales contract and facts acknowledged by all parties in their briefs.

As part of the contract, Ribeiro acknowledged that she had not been provided the required "Seller Disclosure of Property Condition" (hereafter seller's disclosure) at signing. The contract specified that Ribeiro had the option to void the contract if the seller's disclosure was not provided within seventy-two (72) hours of signing. Ribeiro also had an option to void the contract within twenty-four (24) hours from receipt of the seller's disclosure based on the contents of that disclosure.

The Residential Sales Contract also provided for Ribeiro's reasonable access to the property for purposes of conducting an independent inspection and provided her the ability to request the seller repair, correct, or replace items discovered by any inspection. If the seller refused, Ribeiro had the option to void the contract within three (3) days of said refusal. Ribeiro exercised her right to an inspection and had the property inspected by Jay Jackson, a licensed home inspector.

Jackson reported to Ribeiro that he observed cracks in the home's foundation; signs of moisture infiltration in the basement floor and walls; erosion under some downspouts; and grading around the house that left soil above some weep holes. While noting these issues, Jackson concluded that the house was "fundamentally sound." Before closing, Ribeiro requested, and K&D made, a series of repairs to the house. Ribeiro did not object to the extent or quality of the repairs before closing.

At closing, Ribeiro accepted a general warranty deed from K&D. Over the next several months, Ribeiro began remodeling the interior of the house but,

3

citing defects in the home's interior and the yard, Ribeiro moved out in March 2017. Ribeiro initiated an arbitration proceeding against K&D, as the seller of the home, as well as both real estate agents, seeking to recover damages or to rescind the purchase contract. Additionally, Ribeiro initiated an action in circuit court against K&D as the builder of the home for building code violations. Ribeiro alleged that K&D intentionally withheld or misrepresented material information, thereby deceiving her into purchasing the property. Ribeiro alleged that as K&D's agent, Booth violated his statutory duty under the provisions of Kentucky Revised Statute (KRS) 324.360 by failing to deliver a disclosure statement to her before closing. As to Lawson, Ribeiro alleged Lawson breached her fiduciary duty by failing to advise Ribeiro that she should not purchase the property without reviewing the seller's disclosure.

The arbitrator held an extensive hearing spread over four days which included fourteen witnesses, the submission of forty-eight exhibits, and the arbitrator's inspection of the house himself. While the arbitrator heard fourteen witnesses, upon K&D's objection, he excluded the testimony of Herb Goff. Goff was a geologist and engineer who examined the home in May 2017. K&D objected to the relevancy of Goff's testimony to the issues before the arbitrator. The arbitrator heard arguments from both sides and refused to permit Goff's testimony, finding it irrelevant to Ribeiro's claims.

After considering the parties' briefs and the evidence presented, the arbitrator prepared extensive findings of fact and conclusions of law in a

4

decision released March 16, 2018. The arbitrator concluded that Ribeiro could not, as a matter of law, prevail on her claims for breach of contract or rescission. First, addressing Ribeiro's claims for breach of contract and rescission, the arbitrator, citing to *Borden v. Litchford*, 619 S.W.2d 715 (Ky. App. 1981), found any discrepancies in the seller's disclosure merged into the deed at closing and that Ribeiro had not proven the fraud exception to the merger doctrine by clear and convincing evidence.[2] Second, Ribeiro failed to prove she had a statutory cause of action against K&D and Booth for failure to provide the seller's disclosure under KRS 324.360. The arbitrator stated that even if Booth and K&D failed to deliver the seller's disclosure, for Ribeiro to prevail on the statutory claim would have required her to suffer damages "as a result" of that violation. Here, Ribeiro was aware of every defect outlined in her claims prior to closing, so any damages suffered were the result of her failure to address the known issues prior to closing, not defendants' failure to deliver the seller's disclosure. Lastly, the arbitrator agreed Lawson owed Ribeiro a fiduciary duty, but stated Ribeiro had not introduced any evidence that Lawson had breached that duty or that Lawson's conduct had fallen below the degree of care, competence, diligence or skill normally exhibited by real estate agents under similar circumstances.[3]

---

[2] We note *Borden* is a Court of Appeals decision, but it has been cited approvingly by this Court though we have not explicitly addressed seller's disclosures. *See AEP Industries, Inc. v. B.G. Properties, Inc.*, 533 S.W.3d 674 (Ky. 2017); *Miller v. Hutson*, 281 S.W.3d 791 (Ky. 2009); *Yeager v. McLellan*, 177 S.W.3d 807 (Ky. 2005).

[3] The arbitrator, in his factual summary, never definitively determined whether Ribeiro received the disclosure prior to closing. He emphasized the contradictory nature of the testimony. In addressing each of Ribeiro's claims: breach of

Ribeiro filed a petition in circuit court to vacate the arbitration decision pursuant to the provisions of KRS 417.160. She argued the arbitration award should be set aside because the arbitrator (1) exceeded his powers by applying the merger doctrine to "nullify" the disclosure statute and (2) refused to hear evidence material to the controversy when he excluded Goff's testimony. K&D, Booth, and Lawson filed separate answers in which they denied that there was any basis for the court to set aside the arbitration decision. The Jefferson Circuit Court acknowledged its limited role in reviewing arbitration awards. The circuit court found that the arbitrator did not exceed his powers in the application of the merger doctrine, and that the doctrine provided exceptions which the arbitrator applied to the facts before finding Ribeiro could not recover. With respect to Goff's testimony, the circuit court found insufficient evidence in the record to dispute the arbitrator's decision that Goff's testimony was not relevant to the issues before him. The court then stated, "[g]iven the high standard for the Court's review of an arbitration award, as well as the law's preference for upholding arbitration as a manner of dispute resolution, this Court is not persuaded to vacate the arbitration award[.]" Ribeiro appealed the circuit court's order.

The Court of Appeals reversed the circuit court. The Court of Appeals held that the adoption of KRS 324.360 superseded the merger doctrine as articulated in *Borden.* Therefore, the arbitrator exceeded his powers when he

contract/rescission for failure to receive disclosure; fraud; statutory damages; and breach of fiduciary duty, he assumed the version of the facts that most strongly supported Ribeiro's argument.

6

relied on *Borden* to invalidate the statute. The Court of Appeals also held that Ribeiro was entitled to present Goff's testimony and that the arbitrator's refusal to allow it was an error. Based on these two issues, the Court of Appeals vacated the circuit court's order upholding the arbitration award and remanded for a new order directing a new arbitration be granted. K&D, Booth, and Lawson initiated this appeal arguing the Court of Appeals failed to apply the appropriate standard of review to arbitration, erred in holding that the adoption of KRS 324.360 extinguished the merger doctrine, and erred in holding the arbitrator's exclusion of Goff's testimony was a refusal to hear evidence.

## II. STANDARD OF REVIEW

Generally, courts may not review an arbitrator's award. *Taylor v. Fitz Coal Co. Inc.*, 618 S.W.2d 432, 432 (Ky. 1981). Kentucky's Uniform Arbitration Act, KRS Chapter 417, strictly circumscribes when a court review of an arbitration decision is appropriate. *3D Enters. Contracting Corp. v. Lexington-Fayette Urb. Cty. Gov't*, 134 S.W.3d 558, 562 (Ky. 2004).[4] An arbitration award may not be set aside for mere errors of law or fact, *Smith v. Hillerich & Bradsby Co.*, 253 S.W.2d 629, 630 (Ky. 1952),[5] and "an arbitrator's resolution of factual disputes and his application of the law are not subject to review by the courts." *Conagra Poultry Co. v. Grissom Transp., Inc.*, 186 S.W.3d 243, 245 (Ky.

---

[4] *See also* KRS 417.160(1); *Ison v. Robinson*, 411 S.W.3d 766, 770-71 (Ky. App. 2013).

[5] *Smith* was interpreting KRS 417.040 which dealt with grounds for vacating an arbitration award. KRS 417.160 replaced KRS 417.040 when Kentucky adopted the Uniform Arbitration Act in 1984.

App. 2006) (citation omitted).[6] As in this case, when there is no transcript of the proceedings below, the court is required to assume that the evidence supported the arbitrator's decision. *Id.* (citing *Dillard v. Dillard*, 859 S.W.2d 134, 137 (Ky. App. 1993)).[7]

### III. ANALYSIS

KRS 417.160(1) establishes five grounds upon which the reviewing court may vacate an arbitration award. The two addressed in this appeal are whether "the arbitrator exceeded [his] power," KRS 417.160(1)(c), and whether the arbitrator "refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of KRS 417.090, as to prejudice substantially the rights of a party." KRS 417.160(1)(d).

KRS 324.360 is contained within provisions regulating the licensing of brokers and includes duties owed by brokers to their clients, whether they be buyers or sellers. The statute directs the listing broker to provide upon request a Seller's Disclosure of Property Condition to any prospective buyer and to

---

[6] *See also Dawahare v. Spencer*, 210 F.3d 666, 669 (6th Cir. 2000) (stating courts should play only a limited role in reviewing the decision of arbitrators, and the Federal Arbitration Act presumes that arbitration awards will be confirmed); *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 429 F.3d 640, 643 (6th Cir. 2005) ("When courts are called on to review an arbitrator's decision, the review is very narrow; one of the narrowest standards of judicial review in all of American jurisprudence.").

[7] *See also Samaan v. General Dynamics Land Sys., Inc.*, 835 F.3d 593, 603-04 (6th Cir. 2016); *River City Fraternal Ord. of Police Lodge 614, Inc. v. Louisville/Jefferson Cty. Metro. Gov't.*, 585 S.W.3d 258, 267 (Ky. App. 2019); *Miller v. Commonwealth, Dept. of Highways*, 487 S.W.2d 931, 933 (Ky. 1972) ("In the absence of the evidence in the record, we must presume that the judgment of the trial court was supported by the evidence.") (internal citations omitted).

8

deliver the same within seventy-two hours of the listing agent's receipt of a contract for the sale. KRS 324.360(4). "The merger doctrine holds that all prior statements and agreements, both written and oral, are merged into the deed and the parties are bound by that instrument." *Borden*, 619 S.W.2d at 717. Any warranties as to the property made by a seller or his agents or observable defects are merged into the deed and may not be relied upon for recovery. *Id.* We disagree with the Court of Appeals that the application of the merger doctrine eviscerates the purpose of KRS 324.360. The statute's purpose is to regulate brokers and sellers. It provides a basis for the Kentucky Real Estate Commission to sanction brokers and provides potential contractual remedies prior to closing. Finally, the disclosures made pursuant to the statute can be used as evidence of fraud or misrepresentation to support the invocation of an exception to the merger doctrine for claims that arise after closing.

### A. The arbitrator did not exceed his power in his application of the merger doctrine to Ribeiro's claim for breach of contract damages or rescission against K&D.

An arbitrator exceeds his authority where the award is not within the scope of the issues submitted for arbitration or the arbitrator acts in excess of the contract's material terms. *3d Enters. Contracting Corp.*, 134 S.W.3d at 561; *see also Wagner v. Drees Co.*, 422 S.W.3d 281, 283 (Ky. App. 2013). When a dispute goes to arbitration, only if the arbitrator's decision is alleged to have been tainted by fraud or favoritism does the trial court have the ability to intercede. *Ernst & Young, LLP v. Clark*, 323 S.W.3d 682, 692 (Ky. 2010).

9

In *3D Enterprises Contracting*, 3D Enterprises contracted with Lexington-Fayette Urban County Government (LFUCG) to construct a pool complex with a required completion within 240 days. 134 S.W.3d at 559. The contract included a mandatory arbitration clause and a no-damages-for-delay clause. *Id.* Due to delays by LFUCG approving the final plans and LFUCG's post-contract award change requests, 3D made an arbitration claim for damages, including delay damages. *Id.* at 559-60. The arbitration panel's award invalidated the "no delay damages" clause due to LFUCG's active interference in the project and material misrepresentations. *Id.* The circuit court vacated the award, finding the arbitrators exceeded their power by refusing to enforce the "no-damages-for-delay clause." *Id.* We held that the circuit court's action exceeded the scope of review under KRS 417.160(1)(c), holding that a court's review is limited to "whether the award was fairly and honestly made within the scope of the issues presented for resolution." *Id.* at 561 (*citing Tackett v. Campbell Corp.,* 781 S.W.2d 758 (Ky. App. 1989)). We stated:

> The applicability of the no-damages-for-delay clause and the change orders was squarely presented to the arbitrators. They heard evidence on exceptions to the enforceability of the clause and rendered a decision based on the evidence. We disagree with the circuit court's view that the arbitrators exceeded their powers by failing to enforce the no-damages-for-delay clause.

*Id.*

The questions of what Ribeiro knew about the property and whether she suffered damages due to the inadequate disclosure were appropriately before the arbitrator. The Residential Sales Contract specifically addressed arbitration

10

of issues arising from the physical condition of the property in question or representations made by the "[s]eller or any broker or agent[.]"[8] For purposes of KRS 417.160(1)(c), an arbitrator exceeds his authority when he decides an issue not appropriately submitted for arbitration, *Wagner,* 422 S.W.3d at 283, not through a misapplication of the law. *Conagra Poultry Co.,* 186 S.W.3d at 245.

It is uncontested that Ribeiro's delayed receipt, or non-receipt, of the seller's disclosure and its effect on Ribeiro's claim for damages or on her ability to rescind the contract was properly before the arbitrator. His decision to apply *Borden* and find that the merger doctrine extinguished the absolute right Ribeiro had as part of the Residential Sales Contract to rescind the contract or sue for breach of contract damages for any failure to receive the disclosure was an application of law. Even if incorrect, a reviewing court's disagreement with the arbitrator's application of law does not support vacating the award under KRS 417.160, if the issue presented was within his proper scope and the award was fairly and honestly made.

### B. The arbitrator did not exceed his power when he fully and fairly reviewed whether the fraud exception to merger provided Ribeiro a claim against K&D and Booth.

We note the arbitrator acknowledged there are exceptions to the merger doctrine and fairly analyzed whether Ribeiro's claims met the fraud exception consistent with *Borden, Yeager,* and *Ross v. Powell,* 206 S.W.3d 327 (Ky.

---

[8] Paragraph 24 of the Residential Sales Contract dated October 13, 2016.

11

2006).[9] Even if erroneous, the arbitrator's application of the merger doctrine is consistent with prior Kentucky precedent dealing with seller's disclosures, including the sole case which dealt with an absolute failure to provide a seller's disclosure prior to closing. *See Davis v. Taylor,* No. 2003-CA-001042, 2004 WL 1300032 (Ky. App. June 11, 2004).

The arbitrator undertook an extensive review of whether the seller's disclosure provided Ribeiro a basis for a fraudulent misrepresentation claim. To prevail on a claim of fraudulent misrepresentation, Ribeiro would have had to show that: (1) K&D made material misrepresentations in the disclosure; (2) the representations were false; (3) K&D knew that the representations made were false; (4) K&D made the representations with the intent of inducing Ribeiro to act on them; (5) Ribeiro relied on these misrepresentations; and (6) Ribeiro suffered damages as the result of this reliance. *Yeager,* 177 S.W.3d at 809-10 (citing *United Parcel Serv. Co. v. Rickert,* 996 S.W.2d 464, 468 (Ky.

---

[9] Ribeiro points to two, out-of-jurisdiction cases providing that a seller's disclosures survive merger, but we find both cases distinguishable. In *Ram's Gate Winery, LLC v. Joseph G. Roche,* 185 Cal. Rptr. 3d 935 (Cal. Ct. App. 2015) the appellate court reversed a summary judgment in favor of the seller. The purchase agreement included a specific clause requiring seller's delivery of a seismic survey prior to closing. The seller failed to deliver the survey, but the buyer went through with the closing. The court found that the seller's failure to deliver a seismic survey created triable issues of fact as to whether the intent of the parties was to merge the requirement to deliver the survey into the deed and whether the collateral obligations exception to merger applied.

In *Coughlin v. Gustafson,* 772 N.E.2d 864 (Ill. App. Ct. 2002), the appellate court reversed summary judgment in favor of a defendant, holding the plaintiff's claim under Illinois' Disclosure Act was not merged with the deed at closing. This case is highly distinguishable. Unlike our statute, the Illinois Disclosure Act included a specific remedy provision with a one-year statute of limitations. The court held based on the statute's explicit authorization of claims based on a violation of the Disclosure Act commencing within one-year after possession, occupancy or recording made merger inapplicable to such claims.

1999)). After considering the extensive testimony and evidence presented, the arbitrator found that Ribeiro could not prevail on her fraud claim. The arbitrator found that even if K&D's disclosure was not wholly accurate, Ribeiro had not presented evidence that K&D, Booth, or Lawson concealed any condition from Ribeiro or committed fraudulent conduct. Furthermore, the arbitrator found, based on Ribeiro's own testimony, inspection report, and the testimony of Ribeiro's experts, that she had discovered all the defects at issue before closing. Therefore, the arbitrator found she could not show reliance on any statements in the disclosure permitting a rescission or damages based on fraud. The arbitrator's evaluation of the evidence and conclusions of law and determination that Ribeiro had not demonstrated a basis for fraud was properly within the scope of the arbitrator's authority, and Ribeiro makes no allegation it was not fairly and honestly made. The arbitrator's review of this issue and his failure to award Ribeiro damages for fraud did not exceed his authority.

### C. The arbitrator did not exceed his power when he found Ribeiro's claim against K&D and Booth for statutory damages was unsupported.

Contrary to the Court of Appeals' analysis, the arbitrator did not nullify the effect of KRS 324.360. The arbitrator undertook an examination of whether Ribeiro had a statutory claim for damages based on K&D and Booth's failure to deliver the seller's disclosure pursuant to the statute. KRS 446.070 provides a cause of action to recover for damages sustained as a result of the violation of a statute which does not include its own remedy provision. KRS 446.070 codifies

13

the common law concept of negligence per se and only applies if the offender violates a statute and the plaintiff was in the class of persons whom the statute was intended to protect. *Davidson v. American Freightways, Inc.*, 25 S.W.3d 94, 99-100 (Ky. 2000).

Based on the evidence presented, the arbitrator found that even if Ribeiro suffered damages and K&D and Booth failed to deliver the seller's disclosure in the timeframe prescribed by KRS 324.360, this failure was not the cause of Ribeiro's damages. The arbitrator found that through her own inspections Ribeiro was aware, prior to closing, of all the defects claimed in the arbitration. Furthermore, the Residential Sales Contract provided Ribeiro the option to void the contract prior to closing if disclosure had not been timely made. She did not choose to do so. Therefore, it was "Ribeiro's own failure to address the issues that she had discovered in the closing document, not a violation of KRS 324.360" that was the cause of her damages. The arbitrator's evaluation of the evidence and conclusions of law based on the evidence concerning statutory damages was properly within the scope of the arbitrator's authority, and there is no allegation it was not fairly and honestly made. The arbitrator's review of this issue and his failure to award Ribeiro statutory damages did not exceed his authority.

### D. The arbitrator's decision to exclude Goff's testimony was not a failure to hear evidence for purposes of KRS 417.160(1)(d).

KRS 417.160(1)(d) provides for vacating an award when the arbitrator "refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of KRS 417.090, as to prejudice

14

substantially the rights of a party[.]" The relevant provision of KRS 417.090 states, "[t]he parties are entitled to be heard, to present evidence material to the controversy and to cross-examine witnesses appearing at the hearing."

We note that in this case, the arbitrator did not refuse to hear the evidence offered by Goff, but rather ruled the testimony would be irrelevant to the questions upon which he was ruling. An arbitrator has the authority to determine if the evidence is cumulative, immaterial, or irrelevant to the matters before him, and Kentucky courts do not second guess an arbitrator's factual or legal applications. *Conagra Poultry Co.*, 186 S.W.3d at 245.[10] "The arbitrator shall determine the admissibility, relevance, and materiality of the evidence offered and may exclude evidence deemed by the arbitrator to be cumulative or irrelevant." AM. ARB. ASS'N RULE 34 (R-34), EVIDENCE.

Ribeiro concedes Goff's testimony was intended to address the seriousness of the deficiencies in the home, not the presence of the deficiencies. As a geologist and engineer, Goff had toured the home after Ribeiro moved out. K&D objected to Goff's testimony as irrelevant. The

---

[10] *See e.g. Boskovich Farms, Inc. v. Taco Bell Corp.*, No. 2010-CA-000754-MR, 2011 WL 2935373, (Ky. App. July 22, 2011) (holding arbitrator's summary judgment was not a refusal to hear evidence as provided by KRS 417.160(1)(d) where arbitrator heard arguments on motion); *Calbex Mineral Ltd. v. ACC Res. Co.*, L.P., 90 F. Supp. 3d 442 (W.D. Pa. 2015) (holding vacating an arbitration award is only proper when the exclusion of relevant evidence actually deprived a party of a fair hearing); *Landmark Ventures, Inc. v. InSightec, Ltd.*, 63 F. Supp. 3d 343 (S.D.N.Y. 2014) (holding arbitrators are not required to hear all the evidence proffered but must give each party adequate opportunity to present its evidence and argument); *In re Allegheny Health Educ. & Rsch. Found.*, 265 B.R. 88 (Bankr. W.D. Pa. 2001) (vacating an arbitration award is warranted when the exclusion of relevant evidence by arbitrator so affected rights of a party that it may be said that he or she was deprived of fair hearing).

arbitrator heard argument from the parties and ruled that Goff's testimony was irrelevant. Without a record, we must assume the evidence supported the arbitrator's decision. *Conagra Poultry Co.*, 186 S.W.3d at 245. We note that Goff's testimony as to the presence of defects in the home was largely cumulative to the testimony of Mr. Jackson and Ribeiro herself, as well as Ribeiro's two experts: Mr. Hagerty and Mr. Mercke. According to Ribeiro, Goff's testimony as to which of the home's defects rose to a level of a building code violation would have supported Mr. Mercke's testimony as to damages. Ribeiro concedes that the existence of building code violations was not before the arbitrator, but rather addressed in a separate court action Ribeiro was pursuing against K&D as the builder. Based on the limited record before us, we hold that the arbitrator's exclusion of Goff's testimony was a decision on the relevance of the testimony as to the issues before him and not a refusal to hear material evidence that substantially prejudiced Ribeiro's claim.

### E. Nothing in Ribeiro's appeal questions the arbitrator's finding that she failed to present evidence of Lawson's breach of fiduciary duty.

Ribeiro's appeal is predicated on her claims that the arbitrator exceeded his powers by applying the merger doctrine to "nullify" KRS 324.360 and refused to hear evidence material to the controversy in excluding Goff's testimony. Neither of these issues go to the question of the arbitrator's finding that Ribeiro failed to present adequate evidence of Lawson's breach of fiduciary duty. The arbitrator stated that nothing in the evidence presented by Ribeiro showed that Lawson had in any way breached her duty to Ribeiro, or even if

16

such a breach occurred, that it resulted in damage to Ribeiro. The arbitrator's decision goes to the merits of Ribeiro's breach of fiduciary duty claim which was properly before the arbitrator and did not exceed his powers.

### IV. CONCLUSION

For the aforementioned reasons, the opinion of the Court of Appeals is reversed, and the order of the Jefferson Circuit Court is reinstated.

All sitting. All concur.

COUNSEL FOR APPELLANT/APPELLEE, DON BOOTH OF THE BRELAND GROUP:

Vincent J. Eiden

Fredrick Owen Rodgers
Virginia Lue Lawson
McBrayer PLLC

COUNSEL FOR APPELLANT/APPELLEE, K&D BUILDERS, INC.:

Gerald Lee Stovall
The Stovall Firm, PLLC

COUNSEL FOR APPELLANT/APPELLEE, DEBBIE LAWSON OF COLDWELL BANKER/MCMAHAN:

Mark Squires Fenzel
David Joseph Kellerman
Middleton Reutlinger

COUNSEL FOR APPELLEE, NICOLE RIBEIRO:

Kenneth Allen Bohnert
Maureen Phyllis Taylor
Conliffe Sandmann & Sullivan