RENDERED: JANUARY 12, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0143-MR
AND
NO. 2022-CA-0180-MR

SARAH WILLIAMS                    APPELLANT/CROSS-APPELLEE

v.

APPEAL AND CROSS-APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE MARY M. SHAW, JUDGE
ACTION NO. 21-CI-006230

H&B DEVELOPMENT, LLC,
AND PRINCETON HURST          APPELLEES/CROSS-APPELLANTS

OPINION
REVERSING AND REMANDING APPEAL NO. 2022-CA-0143-MR
AND AFFIRMING CROSS-APPEAL NO. 2022-CA-0180-MR

** ** ** ** **

BEFORE: COMBS, LAMBERT, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Sarah Williams brings Appeal No. 2022-CA-0143-MR from a

January 31, 2022, Order of the Jefferson Circuit Court confirming an arbitration

award against H&B Development, LLC, and vacating the arbitration award as to

Princeton Hurst; H&B Development, LLC, and Princeton Hurst bring Cross-

Appeal No. 2022-CA-0180-MR from the same January 31, 2022, Order. We reverse and remand Appeal No. 2022-CA-0143-MR and affirm Cross-Appeal No. 2022-CA-0180-MR.

## PRELIMINARY MATTERS

To begin, as Williams points out in her reply brief, appellees' brief is deficient for numerous reasons, the most egregious being appellees' failure to cite with specificity to those portions of the record below to support their arguments or counterstatement of the case on appeal. Kentucky Rules of Civil Procedure (CR) 76.12(4)(d)(iii) and (iv).[1] In fact, appellees make no specific references or citations in their brief to the record below in support of their arguments. This alone is sufficient justification to strike appellees' brief and grant Williams' requested relief. CR 76.12(8); *Parker v. Commonwealth*, 291 S.W.3d 647, 676 (Ky. 2009).

However, given our limited review of arbitration awards and proceedings as set out in Kentucky Revised Statutes (KRS) 417.160 and given that the record below consists of only 103 pages, we have elected to ignore these deficiencies and conduct our review pursuant to KRS 417.160. However, we warn

---

[1] Effective January 1, 2023, the Kentucky Supreme Court implemented the new Kentucky Rules of Appellate Procedure (RAP) superseding the former rules governing appellate practice set out in Kentucky Rules of Civil Procedure (CR) 73, 74, 75 and 76. The briefs in this case were filed prior to the effective date of RAP and are subject to the Civil Rules cited herein.

counsel that this Court may not be so lenient in the future. *See Hamburger v. Plemmons*, 654 S.W.3d 99 (Ky. App. 2022).

## BACKGROUND

In 2016, Princeton Hurst purchased property located at 948 East Oak Street in Louisville, Kentucky. Shortly after the purchase, Hurst executed a quitclaim deed transferring the Oak Street property to H&B Development, LLC (H&B Development). The sole members of H&B Development were Hurst and Florence Brown. Hurst was an experienced home remodeler as he had purchased, remodeled, and sold some twenty to thirty residential properties over the preceding seven years. Hurst was also a licensed realtor and served as the listing agent for the sale of the Oak Street property.

In order to prepare for the sale of the Oak Street property, Hurst executed the Seller Disclosure of Property and Condition Form (Seller Disclosure Form) on April 1, 2016. Then, on April 7, 2016, Hurst had a termite inspection conducted that revealed termite damage to support beams, support posts, and floor joists in the crawlspace and to support beams and support posts in the basement. On April 21, 2016, Hurst hired a company to repair the termite-damaged joists, posts, and beams in the basement and another company to treat the active termites.

On April 25, 2016, a prospective purchaser had the Oak Street property inspected, and the inspection revealed fire damage to the attic and roof

-3-

structure. Hurst then contacted a former business partner, Smitty Smith, to inspect the property for fire damage. Smith provided Hurst with a report on May 3, 2016, that also indicated the roof structure showed signs of fire damage. It is undisputed that Smith did not enter or inspect the attic.

On May 14, 2016, Sarah Williams submitted an offer to purchase the Oak Street property. Williams was provided the Seller Disclosure Form that Hurst had signed on April 1, 2016. Despite a provision in the Seller Disclosure Form to the contrary, Hurst did not update the information or otherwise inform Williams of the termite or fire damage that Hurst learned of after he signed the Seller Disclosure Form. Hurst and Williams subsequently executed a Residential Sales Contract (Sales Contract) on May 14, 2016. The Sales Contract, which was a standardized form provided by the Greater Louisville Association of Realtors, Inc. (GLAR), contained an arbitration clause in Paragraph 24.[2]

---

[2] The Sales Contract utilized by the parties, prepared by the Greater Louisville Association of Realtors, Inc., contained the following arbitration clause in Paragraph 24:

> **MEDIATION/BINDING ARBITRATION**: Notice of Demand for Mediation must be made within 365 days after the party raising the claims knew, or should have known, of the existence of said claims. Any dispute or claim (including, without limitation, claims of fraud, misrepresentation, warranty and/or negligence) of Seller, Buyer, brokers, agents or any of them for a sum greater than the limits of small claims court jurisdiction arising out of this Contract or breach thereof or arising out of or relating to the physical condition of the property covered by this Contract shall first be submitted to mediation and arbitration in accordance with the guidelines of the Greater Louisville Association of REALTORS, Inc. Copies of these guidelines are available at the Greater

-4-

After closing upon the sale of the Oak Street property, Williams discovered the termite damage and fire damage that had not been disclosed to her prior to the closing. Williams initiated arbitration proceedings on July 7, 2021, against H&B Development and Hurst pursuant to Paragraph 24 of the Sales Contract.[3] Following a hearing, the arbitrator issued Findings of Fact, Conclusions of Law and Award on October 29, 2021. Therein, the arbitrator concluded: Hurst "breached" the April 1, 2016, Seller Disclosure Form and the May 14, 2016, Sales Contract; Hurst knew or should have known that the Oak Street property had extensive fire damage in the attic and termite damage to the sill plates, joists, and support beams in the basement; Hurst defrauded Williams because Hurst knew or should have known there was extensive fire damage in the attic; and Hurst made material misrepresentations to Williams about the Oak Street property and

Louisville Association of REALTORS, Inc. Disputes shall include (among other things) issues relating to representations made by Buyer, Seller, or any broker or agent, or other person or entity in connection with the sale and purchase of the property covered by this Contract. Any agreement signed by the parties pursuant to the mediation conference shall be binding.

Sales Contract at 6.

[3] Sarah Williams also named Florence Brown and Home MD Inspection Services, LLC, (Home MD) as respondents in the arbitration proceeding. Home MD had inspected the property at Williams' request. Williams and Home MD apparently reached a settlement agreement, and Home MD was dismissed as a party. As to Brown, the arbitrator concluded there was not sufficient evidence produced "to establish [Brown's] culpability for the actions of her business associate, Mr. [Princeton] Hurst." Findings of Fact, Conclusions of Law and Award at 6. No award was made against Brown.

fraudulently induced her to enter into the Sales Contract. The arbitrator likewise determined that due to the false and fraudulent information Hurst provided in the Seller Disclosure Form, Williams was also entitled to recover attorney's fees, costs, arbitrator's fees and expenses. The arbitrator awarded Williams $86,867.25 against H&B Development and Hurst "jointly and severally."[4] October 29, 2021, Findings of Fact, Conclusions of Law and Award at 9.

After the arbitration award, the parties entered into discussions about whether H&B Development and/or Hurst would satisfy the arbitration award. Williams learned that H&B Development had been administratively dissolved in 2018 and had no assets.[5] Hurst refused to pay the award.

On November 2, 2021, Williams filed a Complaint for Enforcement of Arbitration Award in the Jefferson Circuit Court against H&B Development and Hurst pursuant to KRS 417.150. In the complaint, Williams sought enforcement of the arbitration award and recovery of her attorney's fees and costs associated with the enforcement. Williams subsequently filed a Motion to Confirm Arbitration Award and Enter Final Judgment. By Order entered January 31, 2022, Williams'

---

[4] Williams sought an apportionment of liability as to Home MD; however, the arbitrator made no ruling on that issue.

[5] Whether by design or coincidence, Hurst failed to file the LLC's 2018 Annual Report with the Kentucky Secretary of State, which triggered the administrative dissolution of H&B Development, LLC, on October 16, 2018. The LLC has not been reinstated by the Secretary of State.

motion was granted in part and denied in part. Therein, the circuit court confirmed the arbitration award against H&B Development; however, the court vacated the arbitration award against Hurst individually. The circuit court reasoned that "the arbitrator never had jurisdiction over [Hurst] in his individual capacity." January 31, 2022, Order at 2. The circuit court further held that it would "not disturb the [arbitrator's] award as to comparative fault and apportionment." January 31, 2022, Order at 3. These appeals follow.

## STANDARD OF REVIEW

In Kentucky, an appellate court's review of an arbitration award is very limited as set forth in KRS 417.160. *See Dutschke v. Jim Russell Realtors, Inc.*, 281 S.W.3d 817, 825-26 (Ky. App. 2008). The grounds for vacating an arbitration award under the Kentucky Uniform Arbitration Act (Act) as set forth in KRS 417.160 are:

> (1) Upon application of a party, the court shall vacate an award where:
>
>> (a) The award was procured by corruption, fraud or other undue means;
>>
>> (b) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;
>>
>> (c) The arbitrators exceeded their powers;

(d) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of KRS 417.090, as to prejudice substantially the rights of a party; or

(e) There was no arbitration agreement and the issue was not adversely determined in proceedings under KRS 417.060 and the party did not participate in the arbitration hearing without raising the objection; but the fact that the relief was such that it could not or would not be granted by a court is not ground for vacating or refusing to confirm the award.

In *3D Enterprises Contracting Corporation v. Lexington -Fayette Urban County Government*, 134 S.W.3d 558, 562-63 (Ky. 2004), the Kentucky Supreme Court held that an arbitration award may only be set aside by a court pursuant to those grounds listed in the Act as stated in this opinion.  And, any claim that the arbitrator misapplied the law of damages or failed to properly resolve the facts of the case is not subject to review by the courts.  *Conagra Poultry Co. v. Grissom Transp., Inc.*, 186 S.W.3d 243, 245 (Ky. App. 2006).  We will now address the circuit court's ruling in both the appeal and cross-appeal in accordance with this standard of review.

### APPEAL NO. 2022-CA-0143-MR

The sole issue raised by Williams is that the trial court erred by vacating the arbitration award as to Hurst based upon the court's determination that "the arbitrator did not have jurisdiction over Hurst individually."  Williams' Brief

-8-

at 7. In other words, Williams argues the circuit court erroneously determined that Hurst signed the Sales Contract in his capacity as a real estate agent and as an agent for H&B Development, but that he did not sign it in his individual capacity.

Based on our review of the circuit court's reasoning to vacate the award against Hurst and the argument set out in appellee's brief, the basis for vacating the award was due to the arbitrator exceeding his powers as set out in KRS 417.160(1)(c). In determining whether the arbitrator exceeded his powers, a court's review is limited to whether the arbitrator acted beyond the material terms of the contract in making his ruling. *3D Enterprises Cont. Corp.*, 134 S.W.3d at 561. And, in determining whether the arbitrator exceeded his powers, a court must determine whether the issues presented were covered by the contract. *Id.*

The parties agree that the controlling terms of the Sales Contract regarding Hurst's liability are set out in Paragraph 24 therein. Relevant to our review, the applicable material terms from Paragraph 24 are as follows:

> Any dispute or claim (including, without limitation, claims of fraud, misrepresentation, warranty and/or negligence) of Seller, Buyer, brokers, agents or any of them for a sum greater than the limits of small claims court jurisdiction arising out of this Contract or breach thereof or arising out of or relating to the physical condition of the property covered by this Contract shall first be submitted to mediation and arbitration in accordance with the guidelines of the Greater Louisville Association of REALTORS, Inc. . . . Disputes shall include (among other things) issues relating to representations made by Buyer, Seller, or any broker or

agent, or other person or entity in connection with the
sale and purchase of the property covered by this
Contract. . . .

By signing below, the agents, on behalf of themselves
and their brokers, agree to be bound by this paragraph 24,
but are not parties to this Contract for any other purpose.
This paragraph 24 shall survive the closing.

Sales Contract at 6.

The clear and plain language of this contractual provision provides
that claims for fraud and misrepresentation that arise under the contract can be
brought by a seller, buyer, or agent against the other, which are subject to
arbitration. The claims against Hurst for fraud and misrepresentation are clearly
contemplated under the agreement and subject to review by the arbitrator. Under
Paragraph 24, we do not see the relevance of Hurst's capacity as the arbitrator had
the authority to consider fraud and misrepresentation claims against Hurst as a
signator to the Sales Contract. The circuit court clearly erred in finding the
arbitrator exceeded his powers and did not have "jurisdiction" over Hurst.

Notwithstanding, a review of the Sales Contract reveals that Hurst
signed the document in three different places. First, on page six of the Sales
Contract, Hurst signed in his capacity as the listing real estate agent for the seller,
H&B Development. Second, Hurst signed on page seven of the Sales Contract in
his capacity as member of H&B Development. Third, on page eight of the Sales
Contract, Hurst merely signed his name individually, as the seller, accepting

-10-

Williams' counteroffer dated May 14, 2016, which consummated the final agreement. In other words, Hurst signed the Sales Contract in three capacities; as the listing real estate agent, as a member of H&B Development, and in his individual capacity.

Additionally, we acknowledge that an officer or agent of a corporation is not personally liable for his or her actions on behalf of the corporation. *Young v. Vista Homes, Inc.*, 243 S.W.3d 352, 363 (Ky. App. 2007). However, an exception to this general rule exists. Thereunder, a corporate officer or agent "is personally liable for a tort committed by him although he was acting for the corporation." *Henkin, Inc. v. Berea Bank & Trust Co.*, 566 S.W.2d 420, 425 (Ky. App. 1978); *Young*, 243 S.W.3d at 363; 19 C.J.S. *Corporations* § 632 (2023).

In this case, the arbitrator found that Hurst committed fraud by making material misrepresentations to Williams and fraudulently inducing her to enter into the Sales Contract. The arbitrator had the authority to resolve these issues in the arbitration and the circuit court had no authority on appeal to address the merits of the arbitrator's findings, conclusions, and award. *See 3D Enterprises Cont. Corp.*, 134 S.W.3d at 561.

Thus, the circuit court exceeded its authority and erred as a matter of law in vacating the arbitration award against Hurst. We, therefore, reverse the

-11-

circuit court's order and remand for the court to confirm the arbitration award against Hurst, individually.

## CROSS-APPEAL NO. 2022-CA-0180-MR

H&B Development and Hurst contend in their cross-appeal that the trial court erred by refusing to apportion fault between H&B Development, Hurst, and Home MD, Inspection Services, LLC (Home MD). As previously noted, Home MD apparently reached a settlement agreement with Williams and was dismissed as a party before the final hearing was conducted by the arbitrator. Again, H&B Development and Hurst seemingly assert that the arbitrator's failure to make a ruling upon apportionment was not a legal error, but rather was attributed to the arbitrator exceeding his power. Labeling the arbitrator's refusal to apportion fault as the arbitrator exceeding his power is merely an attempt to bring an issue of law under the purview of the circuit court's very limited scope of review. An arbitrator's resolution of factual disputes or application of the law are generally not subject to review by the courts. *Conagra Poultry Co.*, 186 S.W.3d at 245. Accordingly, the arbitrator's decision upon the issue of apportionment was not reviewable by the circuit court. The arguments raised on cross-appeal are thus without merit and we affirm the circuit court's ruling thereon.     For the foregoing reasons, we reverse and remand Appeal No. 2022-CA-0143-MR for proceedings consistent with this Opinion and affirm Cross-Appeal No. 2022-CA-0180-MR.

-12-

ALL CONCUR.

BRIEFS FOR APPELLANT/CROSS-
APPELLEE:

Scott P. Zoppoth
Louisville, Kentucky

BRIEF FOR APPELLEES/CROSS-
APPELLANTS:

Stuart Alexander
Louisville, Kentucky